THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Petitioner-Appellant, *v.* CHICAGO TITLE & TRUST COMPANY *et al.*, Defendants-Appellees.

Second District (2nd Division)   No. 75-41

Opinion filed April 13, 1976.

William J. Scott, Attorney General, of Chicago, and Brady, McQueen, Martin, Callahan & Collins, of Elgin (John R. Lavery and Malcolm E. Erickson, Assistant Attorneys General, of counsel), for appellant.

Elmer C. Rudy and John E. Pfau, both of Williams, McCarthy, Kinley, Rudy & Picha, of Rockford, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

On October 5, 1971, petitioner, Illinois State Toll Highway Authority, filed a petition for condemnation of several tracts of land. Among the parcels sought to be condemned was a portion of tract owned by respondent, John W. Tilton Industries, Inc. The 870-foot strip of respondent's land was to be used as an exit from the east-west tollway. As a result of a quick-take proceeding, the petitioner received fee simple title to the parcel in question. The quick-take order was, however, silent as to respondent's right of access to the remainder, across the strip of land condemned.

In May of 1974, petitioner sought to amend its petition for condemnation to reflect that it only required access control over 525 feet of the 870-foot strip, leaving respondent 345 feet for access to the remainder. The trial court denied the petition to amend and petitioner now appeals from that denial.[1]

Petitioner contends that if the amendment is not allowed, respondent will be compensated for loss of access rights to its remainder which, in fact, it has not lost. Respondent counters that once petitioner took fee simple title to the strip of land, it is prohibited from unilaterally returning to respondent any rights in the property condemned—in this case, the access rights to the remainder by way of the 345-foot strip previously condemned.

Section 2.8 of Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, §2.8) provides that:

> "After the petitioner has taken possession of the property pursuant to the order of taking the petitioner shall have no right to dismiss the petition, or to abandon the proceeding, as to all or any part of the property so taken, except upon the consent of all parties to the proceeding whose interests would be affected by such dismissal or abandonment."

In *Department of Public Works & Buildings v. Greenlee*, 63 Ill. App. 2d 425 (1965), the respondent owned a parcel of land which was adjacent to a road and on which was located a residence and a family business. The Department filed a petition to condemn a five-foot strip of that land for the purpose of widening the road. The petition sought to limit access to the residence only thereby preventing commercial use of direct access. The court awarded the Department title to the five-foot strip but the order was silent as to access rights. Thereafter, a change in the Department's road improvement plan allowed respondent access to both business and residence. The Department sought to amend its petition to reflect re-

---

[1] Respondent has filed a motion to dismiss this appeal. We have reviewed respondent's arguments and, finding no merit in his petition, we deny his motion.

spondent's acquired access rights because such access would have an effect upon the damages awarded respondent at trial. The trial court, however, denied petitioner's amendment. On appeal, respondent argued, as respondent does here, that section 2.8 prohibited the court from allowing the amendment. The court held that while section 2.8 would preclude petitioner from abandoning the five-foot strip to which it had already been awarded title, that section did not prohibit petitioner from amending its petition to reflect the change in respondent's access rights since those rights were not determined by the quick-take order and since the Department had not, by possession, interfered with those access rights. See also, *Department of Public Works & Buildings v. Association of Franciscan Fathers*, 3 Ill. App. 3d 503, 504-05 (1972).

■■ Since, on the authority of *Greenlee*, section 2.8 does not prohibit petitioner from amending its petition, the question is whether the trial court abused its discretion in not allowing the amendment here at issue. *Greenlee*, at 432.

■■ ■ Section 5 of the Eminent Domain Act provides that amendments to the petition may be permitted to facilitate a fair trial and a final determination of the questions involved. (Ill. Rev. Stat. 1973, ch. 47, §5.) The power to allow amendments under this section is to be exercised liberally in favor of allowing such new pleadings. (See, *e.g., Village of Gulfport v. Buettner*, 114 Ill. App. 2d 1, 5 (1969).) In *Greenlee*, the court's allowance of the amendment was based, in part, on the following statement:

> "To permit the cause to proceed on the basis that the defendants would be, for all practical purposes, precluded from operating their business enterprise, when such was not the fact, made an unfair trial inevitable. To permit the jury to make their determination on a factual basis that never did, or never would, exist was obviously incorrect. It ended in the property owners being compensated for a loss that did not occur and for the State to pay for property that it did not acquire. Such an end, whatever else it may be, is not a just one." (63 Ill. App. 2d 425, 432.)

We are of the opinion that petitioner here, as in *Greenlee*, should be allowed to place before the jury the question of whether respondent's access rights were completely extinguished by the condemnation. We find that the trial judge abused his discretion in not allowing petitioner to amend its petition and we remand the cause with directions that such amendment be allowed.

Judgment reversed and cause remanded.

RECHENMACHER and DIXON, JJ., concur.