Department of Public Works and Buildings of the State of Illinois, Petitioner-Appellant, v. John Henry Greenlee, et al., Defendants-Appellees.

Gen. No. 65–34.

Second District.

October 1, 1965.

Rehearing denied December 6, 1965.

William G. Clark, Attorney General, of Chicago, and Joseph A. Conerty, Jr., of Woodstock (Harold G. Andrews and Richard E. Quinn, Special Assistant Attorneys General, of counsel), for appellant.

Pedderson, Menzimer, Conde & Stoner, of Rockford (Clifford A. Pedderson, of counsel), for appellees.

ABRAHAMSON, P. J.

This appeal is taken from a judgment in a condemnation proceeding in the Circuit Court of Boone County. The jury verdict, on which the judgment was based, was that the defendants-appellees (hereafter called the defendants) were entitled to just compensation of $850 for certain property taken by the Department of Public Works and Buildings (hereafter called the Department) and a further sum of $28,150.00 for damage to remaining property owned by defendants, caused by the taking and by "limitation of certain rights of access."

Defendants owned a parcel of real estate having a frontage of approximately 123.6 feet on State Bond Issue Route 5, near Belvidere in Boone County. The total parcel included 1.9 acres and was improved with a single family residence and, in addition, a warehouse, heated garage, and office used in connection with a family business of building, renovating and repairing elevated water tanks. Direct access was available to Route 5 from the property.

On January 15, 1963, the Department filed a petition to condemn a five foot strip of defendants' land immediately adjoining Route 5, to widen and improve that road. The petition also sought to limit the access to the road from the remainder of defendants' property to the residence only. A cross-petition was filed by the defendants, alleging substantial damage to the remainder by the limitation of their access rights.

Pursuant to the Eminent Domain Act, the Department did, on January 25, 1963, file a motion for immediate vesting of title to the five foot strip. On February 1, 1963, the court made a preliminary finding that $25,000 would be just compensation to the defendants for the taking of the real estate, which finding included damages to the remainder, but made no reference to access rights, commercial or otherwise. An amount equal to 125% of that figure was deposited with the Clerk of the Court by the Department and a withdrawal made by defendants pursuant to the Act.

Thereafter, the Department drastically modified its proposed improvements of Route 5. In place of the original modest scheme of improvement, it was decided to enlarge the highway to four lanes, separated by a median strip. More important for our case, it was also decided not to limit access to the road but to provide, by frontage roads, complete, if circuitous, access for all uses. Accordingly, motions for continuances of the trial date were made by the Department on January 10 and March 30, 1964, supported by affidavits to the effect that because of substantial redesigns of the proposed highway, an appropriate amendment to the original petition would be offered. Both supporting affidavits state that inasmuch as the final designs of the engineers would not be available until the "latter part of April, 1964," the proposed amendments could not be presented before then. They also informed the court that the redesign would probably

428

permit commercial access to Route 5 from defendants' property, and substantially affect the question of damages.

On April 24, 1964, a motion for leave to amend was filed and a hearing held on May 1. The amended petition reflected the modification of accessibility to Route 5 and no longer sought to deprive defendants of access to their business establishment. The trial court denied the motion to amend and the cause proceeded to trial on May 4 based on the original petition. The jury, as we have said, returned a verdict of $850 as full compensation for the five foot strip, and $28,150 as damages to the remainder. The evidence presented to the jury was largely concerned with the loss by the defendants of access to Route 5 for their commercial enterprise.

The Department's appeal is from the trial court's ruling on its post trial motion to either arrest the judgment or grant a new trial. Among the errors assigned in the post-trial motion was the court's denial of leave to the Department to amend the petition, and its refusal, during the trial, to admit a stipulation to reduce damages or testimony in support of the stipulation. From what we hold to be the correct interpretation of the law in this concern, however, we will limit our discussion to the order of May 1, 1964, denying the motion to amend the original petition.

■ ■ The defendants, in objecting to the motion of the Department for leave to amend, and on appeal, urge that the order of February 1, 1963, relating to the "quick-take", became final thirty days after its entry. It is obvious from the record that the decision of the trial judge was influenced strongly by this argument. To support this position, defendants point to section 2.2, paragraph (b) of the Eminent Domain Act (Ill Rev Stats 1957, c 47) which states:

"At the hearing, if the court has not previously, in the same proceedings, determined that the petitioner has authority to exercise the right of eminent domain, that the property sought to be taken is subject to the exercise of such right, and that such right is not being improperly exercised in the particular proceeding, then the court first shall hear and determine such matters. The court's order thereon shall be a final order, and an appeal may be taken therefrom by either party within thirty (30) days after the entry of such order, but not thereafter unless the court, on good cause shown, shall extend the time for taking such appeal. . . ."

It is obvious that the finality of the order applies only to the three issues enumerated, namely (1) whether the petitioner has the authority to exercise the right of eminent domain; (2) whether the property sought to be taken is subject to the exercise of such right; and (3) whether the right is being properly exercised. Department of Public Works & Bldgs. v. Dust, 19 Ill2d 217, 219, 166 NE2d 36. The determination of those issues in the order of February 1, 1963, is not under consideration or the finality of the order questioned. However, the section cited cannot be used to support the contention that the position of the parties became "fixed" as argued by defendants.

It is also urged that section 2.8 of the same chapter would preclude the amendment. That section, entitled "Proceedings-Dismissal-Abandonment," provides as follows:

"After the petitioner has taken possession of the property pursuant to the order of taking, the petitioner shall have no right to dismiss the petition, or to abandon the proceeding, as to all or any part of the property so taken, except upon the consent

of all parties to the proceeding whose interests would be affected by such dismissal or abandonment."

■ As stated earlier, the motion by the Department for an immediate vesting of title was for the five-foot strip only. The court's preliminary determination of just compensation, however, also took into consideration the damage to the remainder of the land, and did so properly. Department of Public Works & Bldgs. v. Butler Co., 13 Ill2d 537, 549, 150 NE2d 124. The Department did take possession of the five-foot strip pursuant to the "quick-take" order and would, therefore, be precluded by Section 2.8 quoted above from dismissing or abandoning that portion of the land from its petition.

■ However, the limitation of access to the remainder of defendant's property was not covered by the motion, mentioned in the order, or, in fact, ever prohibited. It does appear that the preliminary determination of damages to the remainder did contemplate the loss of access to the commercial use but it should not properly have been so. Clearly, the Department exercised no possessory rights over the rights of access nor were any rights of access "taken" pursuant to the order vesting title. Therefore, section 2.8 is not applicable.

We do not find that the court's refusal to allow the Department to amend its petition is founded on any stricture contained in the Eminent Domain Act. The Act does provide, in section 5, that

"Amendments to the petition, or to any paper or record in the cause, may be permitted whenever necessary to a fair trial and final determination of the questions involved."

■ This provision is consistent with the general rule that amendments of complaints or petitions are

431

ordinarily left to the discretion of the trial court. That discretion, however, should be exercised carefully in the interest of assuring a fair trial and promoting justice. Deasy v. City of Chicago, 412 Ill 151, 156, 105 NE2d 727. Generally, the allowance of amendments is liberally exercised in order that the real controversy might be presented and the issues finally, and fairly, determined. Irwin v. Omar Bakeries, Inc., 48 Ill App2d 297, 301, 198 NE2d 700.

We cannot say, in the instant case, that the trial court properly exercised its discretion in this matter. It was essential that the jury be correctly informed of the actual property and rights of the defendants that were taken or affected by the condemnation in order to determine the just compensation due them. To permit the cause to proceed on the basis that the defendants would be, for all practical purposes, precluded from operating their business enterprise, when such was not the fact, made an unfair trial inevitable. To permit the jury to make their determination on a factual basis that never did, or never would, exist was obviously incorrect. It ended in the property owners being compensated for a loss that did not occur and for the State to pay for property that it did not acquire. Such an end, whatever else it may be, is not a just one.

For the reasons stated, the order of May 1, 1964, refusing the amendment to the petition is reversed and the cause is remanded for further proceedings consistent herewith.

Reversed and remanded.

DAVIS and ATTEN, JJ., concur.