THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Plaintiff-Appellee, *v.* ASSOCIATION OF FRANCISCAN FATHERS OF THE STATE OF ILLINOIS *et al.,* Defendants-Appellants.

(No. 70-196; ▆▆▆▆▆▆▆▆

Second District—January 24, 1972.

James D. Murphy, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, Frank S. Righeimer Jr., William P. Ryan and John E. Waghorne, Asst. Attorney Generals, of counsel, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant property owner appeals from an order which denied

a traverse and motion to dismiss in a "quick take" proceeding. Ill. Rev. Stat. 1969, ch. 47, pars. 2.1 to 2.10.

The property described in the petition is a 9.828 acre tract in the southwest quadrant of the intersection of Route 83 and 31st Street in Du Page County. The parcel, bounded by Route 83 to the east and 31st Street to the north, is part of defendant's property which is bounded by 31st Street on the north, 35th Street on the south, Route 83 on the east, and Midwest Road on the west.

The Department filed a petition to condemn the 9.828 acre parcel on April 20th, 1970, stating its statutory power to acquire land under the Illinois Highway Code. (Ill. Rev. Stat. 1967, ch. 121, pars 3—101 to 4—508.) The petition included the allegations that the Department had determined to construct a highway, Federal Aid Route 102, (Route 83) and that it was necessary to acquire the land for this public highway, in fee simple, and that a section of Route 83, approximately 12.85 miles, including that portion abutting the condemned parcel of defendant's property, had been declared a Freeway with direct access from the abutting property not permitted.

Thereafter the Department filed a motion for immediate vesting of title and possession under the quick take provisions. At a hearing on this motion, there was testimony that the Department intended to construct an overpass on 31st Street over Route 83, including a diamond interchange; that the plans called for 31st Street to begin to rise with an embankment at a point 1000 feet west of the intersection which would shut off all access from defendant's property on to 31st Street along the embankment. The plans were to close 35th Street and end all access on to Route 83 from 31st Street through 35th Street. A frontage road, running in a rough quarter circle from 35th Street to the end of the embankment on 31st Street will provide an access to 31st Street.

The order of the trial court, directed to the requirements of the Eminent Domain Act (Ch. 47, *supra,* par. 2.2(b) ), found that all necessary elements for the immediate vesting of title and possession in the Department were present. The court set preliminary compensation at $196,500 and gave defendant leave to file a cross-petition for damages to the remainder.

Essentially, the defendant argues that the Department, although describing only the taking of the 9.828 acre tract in its petition, in fact proposes to deprive the defendant of valuable property rights, i.e. access rights to Route 83 for 1000 feet west of 31st Street and its access rights from 31st Street to 35th Street, without compensation. The defendant claims that the Department is therefore either without authority to exercise its right or has not properly exercised its right to take the property by eminent domain. The defendant further argues that the Department

cannot eliminate the highway crossing at 35th Street without a public hearing as required by the Freeway Act (Ill. Rev. Stat. 1967, ch. 121, par. 8—106). See also Ill. Rev. Stat. 1969, ch. 47, par. 2.2(b) *supra.*

██ An appeal from a quick take proceeding, prior to the determination of final compensation, is restricted to the court's findings under Par. 2.2(b) of the Eminent Domain Act: The authority to exercise the right of eminent domain, the susceptibility of property to its exercise, and its proper exercise in the particular case. These are the only orders which are final and appealable at this stage of the proceeding. *Dept. of Public Works v. Dust* (1960), 19 Ill.2d 217, 219, 222; *Department of Public Works & Bldgs. v. Greenlee* (1965), 63 Ill.App.2d 425, 430.

Thus, the Department has asked that we dismiss the appeal on the basis of its motion which we have taken with the case, contending that the defendant has failed to raise any issues which are appealable at this time.

██ The order below relates only to the land actually taken and does not condemn defendant's access rights. The mere designation of a road as a freeway does not deprive a property owner of access rights. (*Dept. of Public Works v. Wolf* (1953), 414 Ill. 386, 389.) While it appears to be clear that the Department intends to limit defendant's access with construction of the overpass and interchange, it has not yet done so. There is no requirement that it include access rights in the condemnation proceedings. The Department may condemn these separately. (*Dept. of Public Works v. Finks* (1956), 10 Ill.2d 20, 23; *Department of Public Works v. Lanter* (1953), 413 Ill. 581, 592.) In this connection we also note that the order of the trial court provided that the defendant could file a cross-petition for damage to the remainder. The record before us shows that the defendant has filed such a petition and that it is pending. Defendant may raise the issue of compensation for damage to the remaining property by the loss of access rights at this stage of the proceedings, since loss of such rights can be an element of damages to the remainder. (*City of Chicago v. Central Standard Life Insurance Co.* (1966), 68 Ill. App.2d 336, 347.) The contention of defendant that the Department must include the access rights in the present suit is not within the issue of the Department's authority or exercise of its authority of eminent domain.

*People ex rel. King v. Lorenz* (1966), 34 Ill.2d 445, cited by the defendant, does not apply to the issue before us. There, the court found a material breach of the condition upon which the dedication of the original parcel was made. The court held that this was a basis for revocation of the dedication deed and if the Department still desired the land it must include the property within the pending condemnation of additional portions required as a result of a substantial change in design. The case

is not authority for the proposition that both the property actually taken and access rights must be included within the condemnation petition. ■■ Defendant's contention that the Department by planning to close 35th Street without a public hearing is acting in derogation of the Freeway Act (*supra*) par. 8—106, also does not raise an appealable issue. Regardless of whether Route 83 has been declared a freeway, the Department had the authority to acquire the land under the Illinois Highway Code. (Ill. Rev. Stat. 1969, ch. 121, pars. 3—101 through 4—508.) The power to acquire land for a freeway is merely cumulative of the general power to condemn. (See Ill. Rev. Stat. 1969, ch. 121, pars. 8—103, 8—109.) But in any event, as we have previously noted, the validity of the possible closing of 35th Street and its effect on defendant's access rights are not presently before this court.

■■ Defendant has contended in the Reply Brief that it has also preserved on appeal a number of points raised in the Traverse and Motion to Dismiss (e.g. whether petitioner can condemn lands being used for religious and educational purposes; whether it can acquire property for the elimination of a crossing at grade by carrying a public way over a freeway or to connect it to a local service drive. Also, whether the condemnation resolution was invalid because it did not include the statement that, as a result of engineering and traffic studies the Department determined the necessity of eliminating the highway crossing at 31st Street by carrying the public way over Federal Aid Route No. 102). We do not consider these arguments which were made for the first time in the Reply Brief. (See *People v. 123 Punch Boards* (1956), 8 Ill.2d 520, 521; Supreme Court Rule 341(g); *Fohrman v. Laird* (1949), 338 Ill.App. 393, 401; *Erickson v. Fitzgerald* (1950), 342 Ill.App. 223, 230.) The motion to dismiss the appeal is granted.

Appeal dismissed.

ABRAHAMSON and SWANSON, JJ., concur.