THE CITY OF CHICAGO, Plaintiff, v. CHICAGO TITLE AND TRUST COMPANY, as Trustee, *et al.*, Defendants-Appellees (Steve Bedalow *et al.*, Defendants-Appellants).

First District (5th Division)   No. 1—88—3169

Opinion filed May 4, 1990.

Robert A. Handelsman, of Chicago, for appellants.

Leo Cinquino, of Righeimer, Martin & Cinquino, P.C., of Chicago (Sandra L. Hebenstreit and Celeste P. Cinquino, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Steve Bedalow and Delores Fritz appeal from dismissal of an action in which they sought to substitute themselves as owners of the beneficial interest to property held in a land trust which was the subject of a "quick-take" in an eminent domain proceeding.

Because the order upon which appeal is sought is not, however, appealable, we dismiss the matter for want of jurisdiction.

On August 28, 1987, the City of Chicago (City) filed an action for condemnation, pursuant to a "quick-take" under section 7—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 7—103), of property located at 2530-60 South Archer Avenue in Chicago in conjunction with development of a rapid transit line from the City to Midway Airport. The City's complaint named, as defendants, Chicago Title & Trust Company (CT&T), trustee of a land trust executed November 23, 1983, in which title to the property was held; Dominic Bertucci, named in the trust agreement as sole beneficiary; Steve Bedalow; Delores Fritz; and other unknown owners.

On September 18, 1987, the City moved for immediate vesting of fee simple title to the property pursuant to section 11—61—1a of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24,•par. 11—61—1a). Section 11—61—1a authorizes the City to utilize the "quick-take" procedure of section 7—103 of the Code of Civil Procedure in constructing or extending rapid transit lines in a prescribed area.

Following hearings on the City's motion held October 22 and 26, 1987, the trial judge determined the City had authority to exercise

the right of eminent domain over the property (see Ill. Rev. Stat. 1987, ch. 110, par. 7—104(b)), rendered a preliminary finding that just compensation for taking the property should be $385,840 (see Ill. Rev. Stat. 1987, ch. 110, par. 7—104(c)), and ordered the City to deposit that amount with the county treasurer (see Ill. Rev. Stat. 1987, ch. 110, par. 7—105). Based on proof the funds had been so deposited, the trial judge, by order entered December 9, 1987, vested the City with title to the property (see Ill. Rev. Stat. 1987, ch. 110, par. 7—105(a)).

Steve Bedalow and Delores Fritz (petitioners), brother and sister, thereafter filed an "intervening petition" in four counts seeking, essentially, to have themselves declared owners of the beneficial interest in the subject property. The petition alleged petitioners merely assigned the beneficial interest in the subject property to Bertucci as security for a loan from Bertucci in 1983. Although the loan had not been paid according to its terms, petitioners alleged they had made some payments on the loan and had paid an installment of real estate taxes on the subject property. Petitioners observed Bertucci had never paid real estate taxes on the property or filed notice of change of ownership of the property with the county treasurer. Further, petitioners alleged, Bertucci did not declare a default on the loan or notify petitioners of forfeiture. The petition recited that funds in satisfaction of the loan had been deposited with the circuit court on December 9, 1987, representing amounts due Bertucci under the loan agreement.

On June 2, 1988, petitioners moved for summary judgment on two of the four counts stated in the petition. Although not found in the record on appeal, a cross-motion for summary judgment was filed by Bertucci and CT&T on June 28, 1988.

Following arguments on the motions, the trial judge issued a memorandum of his decision denying petitioners' motion, granting the cross-motion filed by Bertucci and CT&T, and dismissing, with prejudice, the entire petition. The memorandum recited the judgment would become final upon entry of a written order to be submitted to the court. An order to that effect was entered on September 20, 1988.

After petitioners' subsequent motion for reconsideration was denied, petitioners filed a timely notice of appeal in this court. The notice recited that appeal was sought from the memorandum of decision, the order entered on September 20, 1988, in connection with that decision, and the order denying reconsideration, entered October 3, 1988.

OPINION

■ Actions for eminent domain are governed pursuant to sections 7—101 through 7—129 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, pars. 7—101 through 7—129). Within those provisions, the Code expressly provides limited circumstances under which an appeal may be taken from interlocutory orders entered in conjunction with such actions. Section 7—104(b) permits an appeal, in conjunction with a preliminary finding of just compensation, from an order pertaining to the plaintiff's authority to exercise the right of eminent domain. (Ill. Rev. Stat. 1987, ch. 110, par. 7—104(b).) Section 7—123(a) also permits an appeal from the court's finding as to the rights of the parties where "plaintiff is *not* in possession pursuant to an order entered under the provisions of [s]ection 7—105" (entitling plaintiff to possession of the property condemned upon deposit with county treasurer of the preliminarily determined just compensation). (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 7—123(a).

■ However, neither of those two express provisions applies to the instant case. The petition did not challenge the trial judge's determination that the City had authority to exercise the right of eminent domain over the subject property and the City *does* possess the subject property pursuant to an order entered under section 7—105. Instead, the instant appeal is from an order which, at most, disposes of only a part of the underlying controversy, namely, petitioners' right or status to share in the compensation, as finally determined, paid by the City for the subject property.

■ Further, in determining the nature of the petition before us, we note that its designation as one for intervention is a misnomer. Petitioners were named defendants as interested parties in the underlying eminent domain action by the City involving the subject property. As such, section 7—124 of the Code (see Ill. Rev. Stat. 1987, ch. 110, par. 7—124), which permits persons not made parties to participate in eminent domain proceedings, where such individuals have an interest, has no bearing in the instant case. Essentially, the petition constitutes a cross-claim, which the Code directs shall be called a counterclaim (see Ill. Rev. Stat. 1987, ch. 110, par. 2—608(a)), by petitioners against Bertucci and CT&T within the context of the City's eminent domain proceeding. We observe that the larger action by the City remains pending as there has been, as yet, no determination of final compensation to be paid.

■ Generally, the dismissal of such a pleading, where leave is not given for further amendment, and where the plaintiff's related action is still pending, is not appealable absent a finding by the trial judge

pursuant to Supreme Court Rule 304(a) that there is no just reason for delaying enforcement or appeal. (107 Ill. 2d R. 304(a); see also *Carter v. Chicago & Illinois Midland Ry. Co.* (1988), 119 Ill. 2d 296, 518 N.E.2d 1031; *Deerfield Management Co. v. Ohio Farmers Insurance Co.* (1988), 174 Ill. App. 3d 837, 529 N.E.2d 243.) We observe subsection (b) of Rule 304 provides for exceptions to situations requiring the special finding, including orders determining the status or rights of a party not appealable under Rule 307(a), which rule includes, in subsection (7), orders "determining issues raised in proceedings to exercise the right of eminent domain under section 7—104 of the Code" (107 Ill. 2d R. 307(a)(7)).

■ However, the exception to the necessity of a special finding under Rule 304(a), provided through consideration of Rule 304(b)(2) in conjunction with Rule 307(a)(7), finds no application in the instant case. The exception contained in subsection (a)(7) of Rule 307 was intended only to include, within provisions for interlocutory appeals set out in supreme court rules, the circumstances under which other statutory provisions permitted interlocutory appeals, consistent with the policy of addressing all matters of appellate practice in the rules. (Ill. Ann. Stat., ch. 110A, par. 307, Historical and Practice Notes, at 261 (Smith-Hurd 1985).) In other words, the only pertinent exceptions available to petitioners in the instant case from the requirement of the special finding pursuant to Rule 304(a) are the provisions of the Code, as set out above, which permit interlocutory appeals under section 7—104(b) or 7—123(a).

■ Because the instant appeal is not from the type of an order contemplated under either section 7—104(b) or section 7—123(a) and because the trial judge did not enter a special finding pursuant to Rule 304(a), the instant appeal is premature. In the interest of promoting judicial economy, however, if the parties successfully move to have the requisite finding made by the trial judge, the parties may move this court to consider the appeal on the existing briefs and record. See *J. Eck & Son, Inc. v. Reuben H. Donnelley Corp.* (1989), 188 Ill. App. 3d 1090, 545 N.E.2d 170.

Appeal dismissed.

COCCIA, P.J., and GORDON,* J., concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation. Since that time, Justice Joseph Gordon was designated the third member of the panel and has read the briefs and record and has listened to the oral argument tape.