SOUTHWESTERN ILLINOIS DEVELOPMENT AUTHORITY, Plaintiff-Appellee, v. CHARLES VOLLMAN, d/b/a Vollman Advertising, Defendant-Appellant.

Fifth District   No. 5—91—0598

Opinion filed October 7, 1992.

Harry J. Sterling, of Harry J. Sterling, P.C., of Fairview Heights, for appellant.

Brian J. Gold and Julie Marie Olk, both of Sidley & Austin, of Chicago, and Edwards' Law Offices, of East St. Louis (Benjamin F. Edwards, of counsel), for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

This appeal involves two eminent domain quick-take cases from the circuit court of St. Clair County. It is an interlocutory appeal pursuant to Supreme Court Rule 307(a)(7) (134 Ill. 2d R. 307(a)(7) and section 7—104(b) of the Eminent Domain Act (Ill. Rev. Stat. 1991, ch. 110, par. 7—104(b)). Defendant Charles Vollman, d/b/a Vollman Advertising (Vollman), appeals from the circuit court's denial of his motions to set aside and its implicit denial of his traverse and motions to dismiss. These motions attack all the findings in the circuit court's July 18, 1991, orders vesting title and setting preliminary just compensation. In addition, Vollman contends that quick-take sections 7—103 to 7—106 of the Eminent Domain Act (Ill. Rev. Stat. 1991, ch. 110, par. 7—103 through 7—106) are unconstitutional. We affirm in part and dismiss in part.

The two eminent domain proceedings at issue involve separate parcels of real estate, but the records on appeal are identical in all relevant respects. The following description of facts applies to both cases.

On June 20, 1991, the Southwestern Illinois Development Authority (SWIDA) filed complaints for condemnation of the two parcels of Vollman real estate. SWIDA sought the property in conjunction with its role in the development and improvement of the Metro-Link Light Rail System in St. Clair County. The complaints sought to exercise the right of eminent domain over the two parcels of real estate and requested that just compensation be ascertained. The summons was served on June 26, 1991.

On July 9, 1991, SWIDA filed motions for immediate vesting of title. The motions requested a hearing date so that plaintiff could be vested immediately with the fee simple title and a temporary construction easement. The motion was set for a hearing on July 18, 1991. Notice of the motions and the hearing date were sent to Vollman July 11, 1991.

On July 18, 1991, the circuit court entered an order setting a value for temporary just compensation in each case. The orders provided that: the plaintiff had authority to exercise the right of eminent domain; the properties were subject to the exercise of such right; the right was not being improperly exercised; a reasonable necessity for the taking existed; and the temporary just compensation for the taking of the fee simple and the temporary easement was $450 in one case and $2,750 in the other case. Also on July 18, 1991, the circuit court entered orders granting plaintiff's motions

and vesting the fee simple titles and temporary easements in plaintiff.

On July 23, 1991, Vollman filed, in each case, a motion to set aside and a traverse and motion to dismiss. The traverse and motions to dismiss alleged, *inter alia*, that the two parcels were not properly the subject of eminent domain proceedings and that the plaintiff lacked the authority to exercise the power of eminent domain. The motions to set aside also alleged constitutional violations based on a claim that the defendant had not been given proper notice or an opportunity for discovery prior to the July 18, 1991, orders.

On August 7, 1991, the circuit court denied defendant's motions to set aside. On August 16, 1991, defendant filed notices of appeal "from the order setting value for temporary just compensation entered July 18, 1991, and the denial of the motion to set aside entered August 7, 1991."

Defendant's main attack is on the constitutionality of the Eminent Domain Act sections 7—103 to 7—106. First, defendant argues that the notice required by section 7—104(a) is not meaningful notice and that it deprives the landowner of the opportunity to adequately challenge the condemning authority in the early stages of the proceeding. Second, defendant contends that sections 7—105 and 7—106 combine to unconstitutionally limit defendant's right to challenge, on appeal, the plaintiff's condemnation authority. Section 7—105 allows title to be vested in the condemning authority upon deposit of preliminary just compensation funds with the county treasurer. Section 7—106 provides that these funds may be withdrawn only if defendant takes no appeal or after any appeal has been resolved in favor of the plaintiff.

These arguments are improperly raised in this interlocutory appeal. A review of the governing statutes is instructive.

■■ Supreme Court Rule 307(a)(7) (134 Ill. 2d R. 307(a)(7)) provides, in relevant part, as follows:

> "(a) *** An appeal may be taken to the Appellate Court from an interlocutory order of court:
> * * *
> (7) determining issues raised in proceedings to exercise the right of eminent domain under section 7—104 of the Code of Civil Procedure, *but the procedure for appeal and stay shall be as provided in that section.*" (Emphasis added.) 134 Ill. 2d R. 307(a)(7).

Supreme Court Rule 307 gives a defendant a right to an interlocutory appeal in an eminent domain proceeding; it specifically refers to section 7—104 (Ill. Rev. Stat. 1991, ch. 110, par. 7—104) for the procedure governing such an appeal.

Section 7—104 of the Eminent Domain Act provides as follows:

"§7—104. Preliminary finding of compensation. (a) The court shall fix a date, not less than 5 days after the filing of such motion, for the hearing thereon, and shall require due notice to be given to each party to the proceeding whose interests would be affected by the taking requested, except that any party who has been or is being served by publication and who has not entered his or her appearance in the proceeding need not be given notice unless the court so requires, in its discretion and in the interests of justice.

(b) At the hearing, if the court has not previously, in the same proceeding, determined that the plaintiff has authority to exercise the right of eminent domain, that the property sought to be taken is subject to the exercise of such right, and that such right is not being improperly exercised in the particular proceeding, then the court shall first hear and determine such matters. The court's order thereon is appealable, and an appeal may be taken therefrom by either party within 30 days after the entry of such order, but not thereafter unless the court, on good cause shown, extends the time for taking such appeal. However, no appeal shall stay the further proceedings herein prescribed unless the appeal is taken by the plaintiff, or unless on [sic] order staying such further proceedings is entered either by the trial court or by the court to which such appeal is taken.

(c) If the foregoing matters are determined in favor of the plaintiff and further proceedings are not stayed, or if further proceedings are stayed and the appeal results in a determination in favor of the plaintiff, then the court shall hear the issues raised by the plaintiff's motion for taking. If the court finds that reasonable necessity exists for taking the property in the manner requested in the motion, the court then shall hear such evidence as it may consider necessary and proper for a preliminary finding of just compensation; and, in its discretion, the court may appoint 3 competent and disinterested appraisers as agents of the court to evaluate the property to which the motion relates and to report their conclusions to the court; and their fees shall be paid by the plaintiff. The

court shall then make a preliminary finding of the amount constituting just compensation.

(d) Such preliminary finding of just compensation, and any deposit made or security provided pursuant thereto, shall not be evidence in the further proceedings to ascertain finally the just compensation to be paid, and shall not be disclosed in any manner to a jury impaneled in such proceedings; and if appraisers have been appointed as herein authorized, their report shall not be evidence in such further proceedings, but the appraisers may be called as witnesses by the parties to the proceedings." Ill. Rev. Stat. 1991, ch. 110, par. 7—104.

Subsection (a) of this section provides for a short hearing date in a quick-take proceeding and notice to the defendant. Subsection (b) provides that three issues should be considered first: (1) whether plaintiff has the authority to exercise the right of eminent domain; (2) whether the property is subject to the exercise of the right; and (3) whether the right is not being improperly exercised. Subsection (b) then states: "The court's order thereon is appealable * * *." This language limits the appeal authorized by section 7—104 to the three issues mentioned in subsection (b). Only later, in subsection (c), does the statute describe the procedure for hearing on the motion for taking and the issues of reasonable necessity for the taking and preliminary just compensation. It follows that only the three issues in subsection (b) are appealable on an interlocutory basis under this statutory scheme. All other issues, including the issues of compensation, necessity and constitutionality are appealable at the conclusion of the eminent domain proceeding.

Various decisions support this conclusion. *Department of Public Works & Buildings v. Dust* (1960), 19 Ill. 2d 217, 166 N.E.2d 36, held that although the circuit court's order included the issues of necessity and preliminary just compensation, only the issues in subsection (b) were final and appealable interlocutorily. *Dust*, 19 Ill. 2d at 220, 166 N.E.2d at 39 (interpreting predecessor to section 2.2(b) (Ill. Rev. Stat. 1957, ch. 47, par. 2.2(b)), repealed but recodified as part of Code of Civil Procedure by Pub. Act 82—280, art. XIX-b, §19B—101, eff. July 1, 1982 (now see Ill. Rev. Stat. 1991, ch. 110, par. 7—104(b))); accord *City of Chicago v. Chicago Title & Trust Co.* (1990), 197 Ill. App. 3d 1062, 557 N.E.2d 311 (*dicta*: section 7—104(b) permits an appeal, in conjunction with a preliminary finding of just compensation, from an order pertaining to the plaintiff's authority to exercise the right of eminent domain); *Department of Public Works & Buildings v. Association of Franciscan Fathers*

(1972), 3 Ill. App. 3d 503, 278 N.E.2d 111 (appeal pursuant to Supreme Court Rule 307(a)(7) limited to the three issues of subsection (b)); *Department of Public Works & Buildings v. Greenlee* (1965), 63 Ill. App. 2d 425, 211 N.E.2d 771.

These cases, and the statutes they interpret, make it clear that defendant's interlocutory appeal is limited to the three issues in section 7—104(b). Again, these issues are: (1) whether the plaintiff has the authority to exercise the right of eminent domain; (2) whether the property taken is subject to the exercise of such right; and (3) whether the right is being properly exercised in this proceeding.

■■ The scope of defendant's appeal is plainly broader than that permitted by Supreme Court Rule 307(a)(7) and section 7—104(b). This court, on this appeal, has no jurisdiction to consider defendant's argument that quick-take sections 7—103 and 7—106 are unconstitutional. (*Department of Public Works & Buildings v. Dust* (1960), 19 Ill. 2d 217, 166 N.E.2d 36; *Department of Public Works & Buildings v. Association of Franciscan Fathers* (1972), 3 Ill. App. 3d 503, 278 N.E.2d 111.) An appeal under Rule 307 does not open the door to a general review of the circuit court proceedings up to the date of the order that is appealed. (*Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 405 N.E.2d 1316.) Therefore, defendant's appeal attacking the constitutionality of quick-take sections 7—103 to 7—106 must be dismissed. (*Steel City Bank v. Village of Orland Hills* (1991), 224 Ill. App. 3d 412, 586 N.E.2d 625 (where the court lacks jurisdiction, the appeal must be dismissed); *Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 44 N.E.2d 592.) This dismissal, however, is a determination only that this court lacks jurisdiction to entertain the appeal of those issues at this time. It is not an adjudication of the substantive issues involved. (*Weiland Tool & Manufacturing Co. v. Whitney* (1969), 44 Ill. 2d 105, 251 N.E.2d 242.) Defendant may raise these constitutional challenges at the conclusion of the litigation.

■■ Defendant has also, at least technically, perfected his appeal on the issues of: (1) whether the plaintiff has the authority to exercise the right of eminent domain; (2) whether the property taken is subject to the exercise of such right; and (3) whether the right is being properly exercised in this proceeding. This appeal is final as to these three preliminary issues. (*Department of Public Works & Buildings v. Greenlee* (1965), 63 Ill. App. 2d 425, 430, 211 N.E.2d 771, 774.) However, defendant's bare assertion that this appeal includes the issues properly appealable under Supreme Court Rule

307(a)(7) and section 7—104(b) without the support of authority or argument amounts to a waiver of those issues. (*Village of Roxana v. Costanzo* (1968), 41 Ill. 2d 423, 243 N.E.2d 242; *Stach v. Sears, Roebuck & Co.* (1981), 102 Ill. App. 3d 397, 429 N.E.2d 1242.) A reviewing court is entitled to have the issues clearly defined and presented with relevant authority cited. It may deem waived issues which are not sufficiently or properly presented. *Jenkins v. Wu* (1984), 102 Ill. 2d 468, 468 N.E.2d 1162; *Pecora v. Szabo* (1982), 109 Ill. App. 3d 824, 441 N.E.2d 360.

The defendant, in response to a show-cause order, contended that the notices of appeal did include the three issues properly appealable under subsection (b). Yet, in his brief, defendant cited no authority and made no argument relating to the section 7—104(b) issues. Defendant did not list a subsection (b) issue in his "Points and Authorities" section of his brief. Instead, defendant's four issues presented for review ask simply whether the provisions of sections 7—103 to 7—106 are constitutional as applied in this case. Defendant does not clearly define how these constitutional arguments impact the three preliminary issues interlocutorily appealable under subsection (b). Points not argued are waived. (134 Ill. 2d R. 341(e)(7).) Accordingly, defendants have waived the three section 7—104(b) issues which were properly before this court on this interlocutory appeal.

We affirm the circuit court's denial of defendant's motions to set aside, insofar as the motions challenged the preliminary issues in section 7—104(b). This appeal is final as to those three preliminary issues. We dismiss part of defendant's appeal for want of jurisdiction, insofar as it challenges the constitutionality of sections 7—103 to 7—106 of the Eminent Domain Act. These issues may be raised at the conclusion of the litigation.

Affirmed in part; dismissed in part.

H. LEWIS and W.A. LEWIS, JJ., concur.