NO. 5-07-0392

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

Decision filed 04/04/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

_____

| | |
|---|---|
| SUE CARTER, Special Administrator of the Estate of Joyce Gott, Deceased, | ) Appeal from the<br>) Circuit Court of<br>) Marion County. |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 06-L-75 |
| | ) |
| SSC ODIN OPERATING COMPANY, LLC, d/b/a Odin Healthcare Center, | )<br>)<br>) Honorable |
| | ) David L. Sauer, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

The defendant, SSC Odin Operating Company, LLC, doing business as Odin Healthcare Center, appeals an order of the circuit court of Marion County denying the defendant's motion to compel arbitration in the present lawsuit brought by the plaintiff, Sue Carter, as the special administrator of the estate of Joyce Gott, deceased. For the reasons that follow, we affirm the order of the circuit court.

BACKGROUND

The facts necessary to our disposition of this appeal are undisputed by the parties and are as follows. The plaintiff, Sue Carter, is the special administrator of the estate of Joyce Gott, deceased. Joyce was a resident of the defendant's facility, Odin Healthcare Center (Odin), in Odin, Illinois, from May 20, 2005, until July 29, 2005, and again from January 12, 2006, until her death on January 31, 2006. At the outset of Joyce's first stay at Odin, the plaintiff, acting not on her own behalf, but as Joyce's legal representative, executed a written "Health Care Arbitration Agreement" with the defendant; at the outset of Joyce's second stay

1

at Odin, Joyce executed a second written "Health Care Arbitration Agreement" with the defendant, the terms of which are identical to those of the first agreement. In pertinent part, the two "Health Care Arbitration Agreements" (the agreements) require that all disputes between Joyce and the defendant related to Joyce's care at Odin be submitted to binding arbitration. By their own terms, however, the agreements do not apply "to any dispute where the amount in controversy is less than two hundred thousand ($200,000.00) dollars." Within the agreements, Joyce and the defendant expressly agree that the agreements will be governed by the Federal Arbitration Act (9 U.S.C. §1 *et seq.* (2000)).

Following Joyce's January 31, 2006, death, the plaintiff filed, on November 22, 2006, the instant two-count lawsuit, alleging in count I a statutory survival action pursuant to the Probate Act of 1975 (755 ILCS 5/27-6 (West 2006)) and the Nursing Home Care Act (210 ILCS 45/1-101 *et seq.* (West 2006)) (the survival action) and in count II a statutory action under the Wrongful Death Act (740 ILCS 180/0.10 *et seq.* (West 2006)) (the wrongful death action). In both counts, the plaintiff alleged that the defendant had failed to provide adequate and properly supervised care as needed by Joyce. In the survival action count, the plaintiff alleged that the defendant's acts and/or omissions resulted in Joyce suffering pain and suffering, emotional distress, and mental anguish between January 12, 2006, and January 31, 2006. In the wrongful death action count, the plaintiff alleged that the defendant's acts and/or omissions resulted in Joyce's death and therefore the loss of Joyce's companionship and society for her heirs.

On December 26, 2006, the defendant filed an answer to the plaintiff's complaint, denying in pertinent part the allegations therein and asserting a number of affirmative defenses, including the defense that both counts of the lawsuit were precluded by the agreements, which required the disputes contained therein to be resolved by binding arbitration. On January 11, 2007, the plaintiff filed a reply to the affirmative defenses,

denying them, and filed a motion to strike a number of the defenses, which are not relevant to this appeal. On March 5, 2007, the defendant filed a motion to compel arbitration, a memorandum of law in support of that motion, a copy of each of the agreements, and an affidavit of an employee of the defendant that sets forth facts that the defendant alleges establish that the agreements involve interstate commerce within the meaning of the Federal Arbitration Act. On April 19, 2007, the plaintiff filed a memorandum of law in opposition to the motion to compel arbitration. In that memorandum and in a supplemental memorandum filed by the plaintiff on June 20, 2007, the plaintiff argued, *inter alia*, that (1) a violation of public policy is a legitimate generally applicable defense to all contracts in Illinois, (2) legitimate generally applicable state defenses to all contracts are not preempted by the Federal Arbitration Act, and (3) the agreements are in violation of this state's public policy, as set forth in sections 3-606 and 3-607 of the Nursing Home Care Act (210 ILCS 45/3-606, 3-607 (West 2006)), and so are void.

On June 20, 2007, the trial judge entered an order denying the defendant's motion to compel arbitration. With regard to the wrongful death action, the judge reasoned that although Joyce was bound by the agreements with regard to her own claims, a plaintiff bringing a wrongful death claim on behalf of an estate was not bound by the agreements. With regard to the survival action, the judge concluded that the agreements were not enforceable because they were "in direct violation of emphatically stated public policy and for lack of mutuality" and because, with regard to interstate commerce, "in the aggregate the economic activity does not represent general practice subject to federal control." A timely notice of interlocutory appeal was filed by the defendant, and this appeal followed.

STANDARD OF REVIEW

An order to compel arbitration is injunctive in nature and is appealable under Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)). *Peach v. CIM Insurance Corp.*,

3

352 Ill. App. 3d 691, 694 (2004) (citing *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001)). Generally, the standard employed in reviewing an interlocutory order granting or denying a motion to compel arbitration is whether the circuit court abused its discretion. *Peach*, 352 Ill. App. 3d at 694. However, in an appeal from the denial of a motion to compel arbitration without an evidentiary hearing, the standard of review is *de novo*. *Ragan v. AT&T Corp.*, 355 Ill. App. 3d 1143, 1147 (2005). In the case at bar, there was no evidentiary hearing. Accordingly, we shall review *de novo* the trial judge's ruling. This court may affirm the judgment of a trial court on any basis warranted by the record. *Evans v. Lima Lima Flight Team, Inc.*, 373 Ill. App. 3d 407, 418 (2007).

DISCUSSION

On appeal, the defendant contends the trial court erred because (1) the Federal Arbitration Act is preemptive, (2) the agreements involved interstate commerce, (3) the agreements are supported by mutual promises, and (4) the agreements require the arbitration of the wrongful death action. To understand the defendant's preemption argument, we must examine both what the defendant does contend on appeal and what the defendant does not contend on appeal. We begin with the latter. Nowhere in its opening brief or reply brief, and at no time during oral argument, has the defendant contended that a violation of public policy is not a legitimate generally applicable defense to all contracts in Illinois. Accordingly, the defendant has waived the consideration of any argument on that issue. See 210 Ill. 2d R. 341(h)(7) (the argument section of the opening brief of the appellant must include, *inter alia*, "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"; points not argued in the opening brief "are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"); *Southwestern Illinois Development Authority v. Vollman*, 235 Ill. App. 3d 32, 38 (1992) (a reviewing court is entitled to have the issues clearly defined; it may deem

4

waived issues not sufficiently or properly presented). Moreover, even if the defendant had not waived this issue, there is voluminous case law in Illinois holding that a violation of public policy can be a legitimate generally applicable defense to all contracts in Illinois. *E.g.*, *O'Hara v. Ahlgren, Blumenfeld & Kempster*, 127 Ill. 2d 333, 341-42 (1989); *Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.*, 181 Ill. 2d 214, 226-27 (1998). Likewise, nowhere in its opening brief or reply brief, and at no time during oral argument, has the defendant contended that the protections found in sections 3-606 and 3-607 of the Nursing Home Care Act (210 ILCS 45/3-606, 3-607 (West 2006))–which, we note, were first implemented in 1980, long before arbitration agreements were as prevalent as they are today–are not "emphatically stated public policy." Accordingly, the defendant has waived the consideration of any argument on that issue. See 210 Ill. 2d R. 341(h)(7) (the argument section of the opening brief of the appellant must include, *inter alia*, "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"; points not argued in the opening brief "are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"); *Southwestern Illinois Development Authority v. Vollman*, 235 Ill. App. 3d 32, 38 (1992) (a reviewing court is entitled to have the issues clearly defined; it may deem waived issues not sufficiently or properly presented).

We turn now to the preemption issue the defendant has sufficiently and properly presented on appeal. Notwithstanding the facts that a violation of public policy can be a legitimate generally applicable defense to all contracts in Illinois and that the protections found in sections 3-606 and 3-607 of the Nursing Home Care Act (210 ILCS 45/3-606, 3-607 (West 2006)) represent "emphatically stated public policy" that has existed in this state for nearly 30 years, the defendant contends that in this particular case the state law contract defense of a violation of public policy is preempted by the Federal Arbitration Act because

5

the public policy expressed in sections 3-606 and 3-607 is not applicable to all contracts but is used to "specifically target arbitration agreements." In support of this argument, the defendant points to the pronouncement of the United States Supreme Court in *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 685, 134 L. Ed. 2d 902, 907, 116 S. Ct. 1652, 1655 (1996) (quoting *Perry v. Thomas*, 482 U.S. 483, 492 n.9, 96 L. Ed. 2d 426, 437 n.9, 107 S. Ct. 2520, 2527 n.9 (1987) (emphasis in original)), that state law is applicable and is not preempted by the Federal Arbitration Act " '*if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally,' " but that a " 'state-law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with' " the text of the Federal Arbitration Act.

To understand the nexus between the rule stated in *Casarotto* and *Thomas*, which this court agrees is absolutely correct, and sections 3-606 and 3-607 of the Nursing Home Care Act, we must examine the latter sections in detail. Section 3-606 states, in its entirety, the following:

"Any waiver by a resident or his legal representative of the right to commence an action under Sections 3-601 through 3-607, whether oral or in writing, shall be null and void, and without legal force or effect." 210 ILCS 45/3-606 (West 2006).

Section 3-607 states, in its entirety, the following:

"Any party to an action brought under Sections 3-601 through 3-607 shall be entitled to a trial by jury and any waiver of the right to a trial by a jury, whether oral or in writing, prior to the commencement of an action, shall be null and void, and without legal force or effect." 210 ILCS 45/3-607 (West 2006).

Although the defendant attempts to invoke the rule in *Casarotto* and *Thomas* by claiming that the above-quoted language of sections 3-606 and 3-607 is used to "specifically target arbitration agreements," we do not agree with such a narrow reading of the language. First,

6

neither section 3-606 nor section 3-607 mentions arbitration agreements at all, nor by their terms are they limited to those agreements. The sections, by their explicit terms, apply equally to all contracts attempting to restrict the right of nursing home residents to "commence an action" pursuant to the Nursing Home Care Act or to waive the right to a trial by a jury in an action commenced pursuant to the Nursing Home Care Act, regardless of whether the contract involves arbitration. Accordingly, a contract that never mentions arbitration but instead requires a bench trial, or some other form of alternative dispute resolution, rather than a trial by a jury, would be voided by the sections to the same extent as a contract containing an arbitration agreement. Second, to the extent that the sections may void agreements calling for arbitration, this is an incidental, tangential effect of the sections, not their primary purpose, and so the sections can hardly be said to "specifically target arbitration agreements." To the contrary, the sections apply to all contracts involving nursing home residents, not merely to contracts invoking arbitration. Accordingly, the rule stated in *Casarotto* and *Thomas* that state law is applicable and is not preempted by the Federal Arbitration Act if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally (see *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 685, 134 L. Ed. 2d 902, 907, 116 S. Ct. 1652, 1655 (1996) (quoting *Perry v. Thomas*, 482 U.S. 483, 492 n.9, 96 L. Ed. 2d 426, 437 n.9, 107 S. Ct. 2520, 2527 n.9 (1987)) supports the position of the plaintiff, not of the defendant. Although it is certainly true that if the Nursing Home Care Act expressly directed its prohibitions only at arbitration agreements it would, as the defendant contends, run afoul of the Federal Arbitration Act, the Nursing Home Care Act does no such thing. Applying the *Casarotto* and *Thomas* rule to the facts in this case, we conclude that because the public policy expressed in sections 3-606 and 3-607 concerns the validity, revocability, and enforceability of contracts generally and does not specifically target arbitration agreements, it presents a

7

legitimate state law contract defense of a violation of public policy to the agreements and so voids the agreements. See also *Kinkel v. Cingular Wireless LLC*, 223 Ill. 2d 1, 15-19 (2006).

Although the trial judge limited his preemption analysis to the survival action, denying the defendant's motion on the wrongful death action on different grounds, we conclude that the foregoing analysis applies equally to both counts of the plaintiff's complaint and precludes the enforcement of the agreements with regard to the plaintiff's entire complaint. Accordingly, our conclusion that the trial judge did not err when he found that the Federal Arbitration Act did not preempt the generally applicable state law contract defense of public policy, and thus that the agreements were void as against the public policy of this state, renders it unnecessary for us to consider the defendant's arguments with regard to the alternative bases on which the trial court denied the defendant's motion: a lack of mutuality, a lack of interstate commerce, and no requirement that a plaintiff bringing a wrongful death claim on behalf of an estate proceed according to the agreements. See *Evans v. Lima Lima Flight Team, Inc.*, 373 Ill. App. 3d 407, 418 (2007) (the appellate court may affirm the judgment of a trial court on any basis warranted by the record).

CONCLUSION

For the foregoing reasons, the circuit court's order denying the defendant's motion to compel arbitration is affirmed.

Affirmed.

STEWART, P.J., and GOLDENHERSH, J., concur.

8

NO. 5-07-0392

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>SUE CARTER, Special Administrator of the Estate of Joyce Gott, Deceased,</td><td>)<br>)<br>)</td><td>Appeal from the<br>Circuit Court of<br>Marion County.</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td>No. 06-L-75</td></tr>
<tr><td>SSC ODIN OPERATING COMPANY, LLC,<br>d/b/a Odin Healthcare Center,</td><td>)<br>)<br>)<br>)</td><td>Honorable<br>David L. Sauer,</td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td><td>Judge, presiding.</td></tr>
</table>

**Opinion Filed**:      April 4, 2008

**Justices**:     Honorable Stephen L. Spomer, J.

              Honorable Bruce D. Stewart, P.J.,
              Honorable Richard P. Goldenhersh, J.,
              Concur

**Attorney for Appellant**     W. Jeffrey Muskopf, Lashly & Baer, P.C., 714 Locust Street, St. Louis, MO 63101-1699

**Attorney for Appellee**     Staci M. Yandle, The Law Offices of Staci M. Yandle, LLC, 7012 West Main Street, Belleville, IL 62223