NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230894-U

NO. 4-23-0894

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 20, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| TERRON D. SALTZMAN | ) | No. 23CF606 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Talmadge "Tad" Brenner, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Terron D. Saltzman, appeals the circuit court's order denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). On appeal, defendant argues (1) the State failed to prove by clear and convincing evidence that he posed a real and present threat to the safety of any person or persons or the community, and no condition or combination of conditions could

mitigate that threat, and (2) the statutes under which he was charged with armed violence (720 ILCS 5/33A-2(a) (West 2022)) and unlawful possession of a weapon by a felon (UPWF) (720 ILCS 5/24-1.1(a) (West 2022)) are facially unconstitutional. On December 4, 2023, the State filed a motion to strike defendant's constitutional claim. For the following reasons, we grant the State's motion to strike and affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4         On September 22, 2023, the State charged defendant with armed violence (720 ILCS 5/33A-2(a) (West 2022)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2022)), UPWF (720 ILCS 5/24-1.1(a) (West 2022)), and criminal trespass to a residence (720 ILCS 5/19-4(a)(2) (West 2022)). The State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act, arguing defendant's pretrial release posed a real and present threat to the to the safety of any person or persons or the community, based on specific articulable facts.

¶ 5         According to the probable cause statement, officers responded to a burglary in progress at the residence of Lisa and Madelyn Spagnola. Madelyn told officers she woke up, noticed the flood light toward the rear of the residence was on, and saw defendant in the backyard, wearing all black clothing. Defendant entered the residence's mudroom via an unlocked rear door. Defendant then tried to go through a second door, but it was locked. While this occurred, Madelyn was screaming, "Get out." Defendant left, and he then entered an unlocked detached garage south of the residence. Defendant then went around to the other side of the house, and he tried to enter through another door, but it was locked. Officers eventually arrived and arrested defendant. During a search incident to arrest, officers discovered defendant was dressed entirely in black, wearing "a black inside out and reversed hooded sweatshirt with

the hood worn in a way to easily flip up and conceal one's face." He was carrying an unloaded handgun, along with "brown plant material" that was "in a clear baggie commonly used to store illegal drugs." Defendant said the material was psilocybin mushrooms.

¶ 6        Defendant's criminal history included felony convictions for delivery of controlled substances, possession of controlled substances, and unlawful possession of firearm in case Nos. 19-MRCR-48901 and 20-MRCR-24901 in Marion County, Missouri. Defendant was on parole when the events in question occurred.

¶ 7        The circuit court conducted a detention hearing, where it found the armed violence and UPWF charges were detainable offenses. The State asserted defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community and no conditions or combination of conditions could mitigate that threat. The State made the following argument:

> "[Defendant] broke into two females' houses [*sic*]. He did not know them. They did not know who he was. This was the definition of a random act. He had no connection with them. His criminal history is indicative of violent behavior. He has a prior offense for possession of weapon by a felon. He has prior drug offenses, as well. ***
>
> *** He just chose to break into these people's houses [*sic*]. He had a weapon on him at the time, he had drugs on him at the time, he had drugs on him at the time, and he has a history of possessing weapons and he has a history of possessing drugs. In fact, not only does he have that history, he was on parole at the time these offenses occurred, and these are all factors the Court can and should consider in determining whether or not detention is appropriate."

¶ 8     After considering the parties' arguments, the circuit court denied defendant pretrial release and made the following findings:

> "The Court finds that the defendant is charged with two detainable offenses. The Court further finds by clear and convincing evidence that the proof is *** evident or the presumption great that the defendant committed a felony for which he may be detained and accordingly, the Court is going to order detention. In making that order, the Court has considered the circumstances of the offense charged, the defendant's prior criminal history which is indicative of violent, abusive[,] or assaultive behavior, [and] the entirety of the circumstances. The Court does not believe that any other means are appropriate or would be effective. The defendant is known to possess or have access to weapons. In fact he had one in his pocket as alleged. The Court is also considering the fact that the defendant was on parole at the time these allegations occurred. Based on all [these] circumstances, the Court is going to order detention."

¶ 9     The circuit court entered a written order, finding (1) defendant was charged with detainable offenses and the proof was evident or presumption great that defendant committed the offenses, (2) defendant posed a real and present threat to the safety of persons or the community, and (3) no conditions or combination of conditions could mitigate the real and present threat. After the court entered its written order denying pretrial release, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 10    This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12          On appeal, defendant argues (1) the circuit court erred in denying him pretrial

release and (2) the detainable offenses with which the State charged him are predicated on

facially unconstitutional statutes. The State filed a motion to strike defendant's second argument,

asserting defendant waived the argument and it is not a proper issue to raise in an appeal under

Rule 604(h). For the following reasons, we find the court did not abuse its discretion, and we

grant the State's motion to strike.

¶ 13                    A. The Circuit Court's Pretrial Release Decision

¶ 14          Defendant argues the circuit court erred in denying him pretrial release because

the State did not prove by clear and convincing evidence that he posed a real and present threat

to the safety of any person or persons, or the community, or that there were no less restrictive

conditions or combinations of conditions that would mitigate that threat or prevent defendant's

flight. While defendant contends we should find the court's ruling was against the manifest

weight of the evidence, that is not our standard of review. We review the court's pretrial release

decision for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. An

abuse of discretion occurs when the decision is arbitrary, fanciful, or unreasonable, or where no

reasonable person would agree with the court's position. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 15          Before the hearing, the circuit court confirmed defendant and appointed counsel

received an adequate opportunity to confer, pursuant to section 109-1(g) of the Code. See 725

ILCS 5/109-1(g) (West 2022). The court found defendant was charged with two detainable

offenses—a finding defendant does not challenge. At the conclusion of the evidence, the court

made a detailed record, providing the specific, articulable facts upon which it relied in reaching

its decision. In doing so, the court addressed several of the "dangerousness" factors it was

required to consider under section 110-6.1(g) of the Code. See 725 ILCS 5/110-6.1(g) (West

2022). The court considered the specific allegations of the offense, considered the fact defendant possessed a weapon and "was known to possess or have access to weapons," and highlighted defendant's criminal history, which it described as "indicative of violent, abusive[,] or assaultive behavior." The court also observed defendant was on parole when the events occurred. Based on this combination of factors, the court expressly found it "does not believe that any other means are appropriate or would be effective." The court further noted it considered the information contained in the pretrial services bond report in reaching these conclusions. The court concluded the State met its burden by clear and convincing evidence. We do not find such a conclusion to be one in which "no reasonable person would agree with the position adopted by the [circuit] court." *People v. Becker*, 239 Ill. 2d 215, 234, 940 N.E.2d 1131, 1142 (2010).

¶ 16     After the hearing, the circuit court entered a detention order complaint with the language of section 110-6.1 of the Code, in which the court found (1) defendant was charged with detainable offenses and the proof was evident or presumption great defendant committed the offenses (see 725 ILCS 5/110-6.1(a)(1)-(8) (West 2022)), (2) defendant posed a real and present threat to the safety of persons or the community (see 725 ILCS 5/110-6.1(e)(2) (West 2022)), (3) no conditions or combination of conditions under subsection 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)) could mitigate the real and present threat (see 725 ILCS 5/110-6.1(e)(3) (West 2022)), and (4) pretrial release should be denied because less restrictive conditions would not avoid that threat (see 725 ILCS 5/110-6.1(h)(1) (West 2022)). Because the court complied with the Code's requirements and made all necessary findings, we find no reason to conclude the court's decision was arbitrary, fanciful, or unreasonable. See *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 17                    B. Defendant's Constitutionality Claim

¶ 18        "Rule 604(h), which governs appeals under the Act, provides '[t]he Notice of Appeal shall describe the relief requested and the grounds for the relief requested,' and the form notice of appeal prescribed by Rule 606(d) requires the defendant to describe those grounds in detail." *People v. Martin*, 2023 IL App (4th) 230826, ¶ 18 (citing Ill. S. Ct. Rs. 604(h), 606(d) (eff. Sept. 18, 2023)). " 'Supreme Court Rules have the force of law. They are not suggestions, nor are they aspirational.' " *Martin*, 2023 IL App (4th) 230826, ¶ 18 (quoting *Keefe v. Freedom Graphic Systems, Inc.*, 348 Ill. App. 3d 591, 593, 810 N.E.2d 189, 191 (2004)). " 'Although we liberally construe the contents of the notice of appeal, this court does not have authority to excuse compliance with the filing requirements of the supreme court rules governing appeals.' " *Martin*, 2023 IL App (4th) 230826, ¶ 18 (quoting *Estate of Young v. Department of Revenue*, 316 Ill. App. 3d 366, 373, 734 N.E.2d 945, 950 (2000)).

¶ 19        Nowhere in his notice of appeal does defendant raise a claim of unconstitutionality, and for good reason. Appeals pursuant to Rule 604(h) and article 110 of the Code are limited in scope. Under Rule 604(h)(1)(iii), we have jurisdiction to consider an appeal "by the defendant from an order denying pretrial release." Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). In such cases, our review necessarily focuses on the circuit court's decision regarding pretrial release. Neither Rule 604(h) nor article 110 of the Code contemplates an appeal raising issues other than those germane to the court's determination to grant or deny pretrial release. See Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023); 725 ILCS 5/110-1 *et seq.* (West 2022). While "in general, a constitutional challenge to a criminal statute can be raised at any time," (*In re J.W.*, 204 Ill. 2d 50, 61, 787 N.E.2d 747, 754 (2003)), the cases upon which this principle is based involved constitutional challenges raised after convictions were entered and the proceedings below concluded. See, *e.g.*, *People v. Zeisler*, 125 Ill. 2d 42, 46, 531 N.E.2d 24, 26 (1988);

*People v. Sarelli*, 55 Ill. 2d 169, 170-71, 302 N.E.2d 317, 317-18 (1973); *People v. Frey*, 54 Ill. 2d 28, 29-33, 294 N.E.2d 257, 257-59 (1973). Here, the case is in its infancy, having barely progressed beyond the court's probable cause finding. We note defendant makes no effort to provide support for the conclusion that a constitutional challenge to a statute is proper at this stage.

¶ 20 Defendant's challenge to the facial constitutionality of two of the statutes under which he was charged is inappropriate for an interlocutory appeal pursuant to Rule 604(h). See *Martin*, 2023 IL App (4th) 230826, ¶¶ 16-17 (declining to conduct a plain-error analysis to consider the defendant's ineffective assistance of counsel claim); see also *Southwestern Illinois Development Authority v. Vollman*, 235 Ill. App. 3d 32, 36-38, 600 N.E.2d 926, 928-30 (1992) (finding the defendant's challenge to a statute's constitutionality was inappropriate during an interlocutory appeal under Illinois Supreme Court Rule 307 (eff. Aug. 1, 1989), but that the defendant could raise his constitutional challenge at the litigation's conclusion). We find the circuit court did not abuse its discretion in denying defendant pretrial release. We further find defendant's constitutional challenge is forfeited and grant the State's motion to dismiss.

¶ 21                               III. CONCLUSION

¶ 22 For the foregoing reasons, we affirm the circuit court's judgment.

¶ 23 Affirmed.