Dick BULLOCK et al., Appellants,

v.

STATE OF MINNESOTA et al., Appellees.

No. 79–1959.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 20, 1979.

Decided Dec. 28, 1979.

Rev. Dick Bullock, Rev. Sharon Scarrella, and Rev. Lyle V. Rambo, pro se.

Erica Jacobson, Sp. Asst. Atty. Gen., St. Paul, Minn., for appellees.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Plaintiffs appeal the dismissal of their pro se civil rights suit against the State of Minnesota and several of its executive officers. Plaintiffs claim: (1) Minnesota Secretary of State Joan A. Growe's refusal to file nonattorney plaintiff Scarrella's papers for the office of Minnesota Supreme Court Justice pursuant to a Minnesota constitutional provision restricting candidacy to "individuals admitted or entitled to be admitted to the practice of law in Minnesota" violated Scarrella's civil rights, and (2) membership in the Minnesota legislature of lawyers violates the separation of powers clause of the Minnesota constitution.

The district court dismissed the suit for lack of subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1983 and 1985. Plaintiffs appealed, and defendants filed this motion to dismiss for lack of jurisdiction pursuant to Local Rule 9(b). Because we find that we have jurisdiction to hear this appeal under 28 U.S.C. § 1291, we deny defendants' motion to dismiss.

■ We have carefully reviewed the record and find that the district court properly dismissed the separation of powers claim for lack of subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiffs' claim is based entirely upon the Minnesota constitution, and does not, therefore, present a federal question.

Although we do not agree with the district court that plaintiffs' constitutional challenge to the candidacy restriction is barred by res judicata, we affirm the district court's dismissal for the reason that this argument is without merit.

■ The right to regulate elections and prescribe qualifications for statewide political offices is reserved to the states under the tenth amendment of the United States Constitution. *See Antonio v. Kirkpatrick*, 579 F.2d 1147, 1150 (8th Cir. 1978); *see also Bullock v. Carter*, 405 U.S. 134, 141, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972). States may not, however, regulate in a manner that violates

**260**

equal protection. *See Williams v. Rhodes,* 393 U.S. 23, 29, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

■ The Supreme Court has indicated that the standard of review in access to public office cases must be determined by weighing the interests involved and the nature of the barrier's impact upon voters. *See Bullock v. Carter, supra,* 405 U.S. at 143, 92 S.Ct. 849; *Antonio v. Kirkpatrick, supra,* 579 F.2d at 1149. We do not decide which level of scrutiny is appropriate in the instant case because we conclude that the provision withstands constitutional scrutiny under both the rationally related and strict scrutiny tests.

■ The equal protection clause does not prohibit a state legislature from adopting more rigorous standards for ensuring excellence in the judiciary than for other elective offices. *See Trafelet v. Thompson,* 594 F.2d 623, 627 (7th Cir. 1979). The requirement that candidates be eligible to practice law in Minnesota clearly advances the state's compelling need to obtain candidates who are qualified to understand and deal with the complexities of the law.

We conclude, therefore, that the restriction does not violate the equal protection clause.

We have also reviewed Judge Alsop's other rulings, including his refusal to recuse himself and find no error.

For the reasons stated above, the order dismissing this suit is affirmed.