JOHN CHRISTEN TORJESEN, Plaintiff-Appellant, *v.* LEN YOUNG SMITH, President of the Board of Law Examiners, *et al.*, Defendants-Appellees.

Fifth District   No. 82—573

Opinion filed April 26, 1983.—Rehearing denied May 10, 1983.

John Christen Torjesen, of Murphysboro, for appellant, *pro se.*

George B. Lee and Charles R. Jelliffe, of Jelliffe & Ferrell, of Harrisburg, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

On July 9, 1982, John Torjesen, plaintiff, filed a two-count complaint for *mandamus* in the circuit court of Jackson County. Count I was directed against the members of the Illinois Board of Law Examiners, and sought an order (1)declaring Supreme Court Rule 703(b) (87 Ill. 2d R. 703(b)) unconstitutional and (2) compelling the board members to permit plaintiff to sit for the bar examination. Count II was directed at Roy O. Gulley, as Director of the Administrative Office of the Illinois Courts, and sought an order compelling defendant Gulley

to place plaintiff's name on the ballot "in the matter of election and appointment to the office of associate judge of the Circuit Court for the First Judicial Circuit." On August 26, 1982, the circuit court dismissed the complaint with prejudice, finding, *inter alia*, that no cause of action was or could be stated on the facts alleged therein. Plaintiff has perfected an appeal to this court.

Supreme Court Rule 703 (87 Ill. 2d R. 703) sets forth the educational requirements imposed upon every applicant seeking admission to the Illinois bar by way of examination. Section (b) of the Rule provides as follows:

> "(b) Legal Education. After the completion of both the preliminary and college work above set forth in paragraph (a) of this rule, each applicant within the period of six years immediately prior to making application shall have pursued a course of law studies and fulfilled the requirements and received a first degree in law from a law school approved by the American Bar Association. Each applicant shall make proof that he has completed such law study and received a degree, in such manner as the Board of Law Examiners shall require."

In the instant case, it is undisputed that plaintiff has not received a degree from any law school. Nevertheless, plaintiff alleges in count I that the board has a clear duty to admit him to the examination, since Rule 703(b) is unconstitutional "in that it requires all applicants *** to submit to a three year tutelage under and receive approval from a private and foreign association as prerequisite for admission to the office of attorney at law." We disagree. There is authority from other jurisdictions upholding the requirement that candidates for admission to a State bar hold a law degree from an institution approved by the American Bar Association (*Application of Schatz* (1972), 80 Wash. 2d 604, 497 P.2d 153; *Petition of Batten* (1967), 83 Nev. 265, 428 P.2d 195; *Henington v. State Board of Bar Examiners* (1956), 60 N.M. 393, 291 P.2d 1108), and we are in agreement with these authorities. To require a board of examiners or a State supreme court itself to look into the individual qualifications and standards of every nonaccredited law school whenever a graduate from that school applies to take the bar examination would be to impose an unreasonable burden on the board or the court. Therefore, a rule requiring applicants to have a degree from a school accredited by the American Bar Association is valid, reasonable, and not offensive to constitutional principles. (*Application of Schatz*.) Moreover, courts traditionally have employed the members of the bar for the purpose of ascertaining the qualifications of those applying for membership (*Rosenthal*

*v. State Bar Examining Committee* (1933), 116 Conn. 409, 165 A. 211), and have recognized that the American Bar Association is a representative body upon whose accreditation decisions a State court or bar examining board properly may rely. (*Henington v. State Board of Bar Examiners.*) Since plaintiff has not persuaded us that Rule 703(b) is unconstitutional, and since it is undisputed that plaintiff did not graduate from any law school, accredited or not, the board members had no duty to admit him to the bar examination. Accordingly, count I of plaintiff's complaint was properly dismissed.

■■■ In the second count of his complaint, plaintiff alleges that defendant Gulley has a duty to place plaintiff's name on the ballot for the office of associate judge in the First Judicial Circuit. While this defendant has not filed a brief, we have elected to consider the merits of this aspect of the appeal pursuant to the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493. Plaintiff asserts that section 11 of article 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 11), which provides that judges and associate judges must be attorneys, is unconstitutional by reason of the unconstitutionality of Supreme Court Rule 703(b) (87 Ill. 2d R. 703(b)). We reject this contention. As discussed above, we find no constitutional infirmities in Rule 703(b) and, in any event, the requirement that State court judges be attorneys is not unconstitutional, since such a requirement advances a State's compelling need to obtain judicial candidates who are qualified to deal with the complexities of the law. (See *Bullock v. State of Minnesota* (8th Cir. 1979), 611 F.2d 258.) Thus, count II of plaintiff's complaint also properly was dismissed.

■■■ Lastly, we note that both the members of the board and defendant Gulley have filed motions to dismiss the instant appeal. These motions, as well as plaintiff's objections thereto, have been taken with the case. We reject defendants' assertions that this appeal is barred by the doctrine of *res judicata*. While plaintiff raised similar issues in a prior case (Jackson County case No. 82-MR-14), no final appealable order was ever entered in that case, nor did the denial of plaintiff's motion for leave to file a complaint directly with the Illinois Supreme Court operate as a bar to the instant suit (*Monroe v. Collins* (1946), 393 Ill. 553, 66 N.E.2d 670). We also reject defendants' contention that this court and the circuit court lack jurisdiction in this cause. The complaint did not attack discretionary acts performed by the defendants, but instead alleged that defendants had a clear duty to act in a nondiscretionary matter. The circuit courts have original jurisdiction in *mandamus* proceedings (*People ex rel. Baird &*

*Warner, Inc. v. Lindheimer* (1939), 370 Ill. 424, 19 N.E.2d 336), and the circuit court properly exercised jurisdiction here. Finally, defendant Gulley asserts that questions as to the judicial vacancy in the First Judicial Circuit are moot, since the vacancy has been filled. Plaintiff has alleged, however, that the position has again become vacant. Since this aspect of the controversy is capable of recurring and since, as a practical matter, each vacancy is likely to be filled prior to appellate review of any claim by plaintiff, we have elected to consider plaintiff's argument on its merits. Accordingly, both motions to dismiss this appeal are denied.

For the foregoing reasons, the judgment of the circuit court of Jackson County, dismissing with prejudice plaintiff's complaint for *mandamus*, is hereby affirmed.

Affirmed.

JONES and WELCH, JJ., concur.