Charles **DAVIS**, Plaintiff,

v.

Sergeant William **FRAPOLLY**, Star No. 806, a Police Officer in His Individual and Official Capacity, and the Chicago Police Department, Other Unknown Police Officers, Defendant.

No. 89 C 2218.

United States District Court, N.D. Illinois, E.D.

Aug. 2, 1989.

Martin P. Greene, Keith E. Graham, Jones, Ware and Grenard, Chicago, Ill., for plaintiff.

Douglas McMillan, Sheila A. Owens, Sharon Baldwin, City of Chicago, Law Dept., Kelly R. Welsh, City of Chicago Corp. Counsel, Chicago, Ill., for defendant.

ORDER

NORGLE, District Judge.

Before the Court is the motion of defendant, Sgt. William Frapolly, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss certain claims from the amended complaint of plaintiff, Charles Davis. The motion is granted and the remainder of the complaint is *sua sponte* stricken.

■ On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Plaintiff's claims arise from a traffic stop. This is plaintiff's second attempt at pleading a complaint. Faced with a well grounded motion to strike, plaintiff chose not to oppose the motion, but rather sought and was granted leave to amend. Nevertheless, the court is faced with what can only be termed a "shotgun" complaint which stretches the principle of liberal

pleading, under the Federal Rules of Civil Procedure, past its breaking point. Irrelevant allegations, which the defendant attacked in his motion to strike, remain. Twelve claims are pled, through four counts, against a single known defendant. The counts contain claims which are repetitive, both of other claims within the same count and of claims contained in other counts. Plaintiff seeks vindication of rights secured to him by the fifteenth amendment. Yet, the amended complaint contains not one allegation relevant to voting. Rights secured by the Constitution are sought to be vindicated under Illinois common law. Counts advancing common law claims reallege and reincorporate paragraphs relevant to federal claims. The Amended Complaint is, to put it mildly, confusing. The court is left with the distinct impression that plaintiff's counsel either failed to undertake the necessary research or signed the complaint without reading it thoroughly.

 Plaintiff's § 1981 claims and equal protection claims pursuant to § 1983 are dismissed. Plaintiff claims that he was arrested, detained and charged solely because he is a black man. Yet, the amended complaint contains no allegations of discriminatory intent. There is not one fact from which the court can draw an inference that defendant's actions were at all motivated by plaintiff's race. Simply put, based upon the facts plaintiff alleges, the court cannot infer that if plaintiff were white he would have been treated differently. A mere conclusory allegation of intentional discrimination is insufficient. *See Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982); *Jones v. City of Chicago*, 639 F.Supp. 146, 151–52 (N.D.Ill.1986); *Fraser v. Doubleday & Co., Inc.*, 587 F.Supp. 1284, 1287–88 (S.D.N.Y.1984); *DiGiovanni v. City of Philadelphia*, 531 F.Supp. 141, 143–44 (E.D.Pa.1982). Under the rule the plaintiff advances, *every* black person who is arrested would be able to successfully plead § 1981 and equal protection claims based solely upon the fact of their race.

 Plaintiff's § 1983 malicious prosecution claim is dismissed, as malicious prose-

cution alone does not give rise to a federal constitutional claim. *See Easter House v. Felder*, 852 F.2d 901, 910 (7th Cir.1988); *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985). Even if it did, plaintiff has failed to set forth all of the elements of a malicious prosecution claim. *See Joiner v. Benton Community Bank*, 82 Ill.2d 40, 45, 44 Ill.Dec. 260, 263, 411 N.E.2d 229, 232 (1980).

Plaintiff's fifteenth amendment claim is dismissed as the complaint fails to allege that defendant interfered with plaintiff's right to vote. The court will assume that this claim was erroneously pled and that the plaintiff meant to invoke the fourteenth amendment. It is the fourteenth amendment's protections, which plaintiff has failed to plead, which are the basis for his due process and equal protection claims, as well as being the source, through incorporation, of the plaintiff's fourth amendment claims.

As for the remaining claims, for the reason discussed above, they are striken. While the defendant has been able to respond to the factual allegations of the Amended Complaint, the court is quite uncertain as to which legal theories plaintiff is pursuing. Witness the confusion over whether the Amended Complaint alleges a state law claim for malicious prosecution. The defendant believing, as did the court, that the Amended Complaint did attempt to assert such a claim, moved to dismiss it. Yet, plaintiff in his response asserts that he has not sought to plead a state law claim for malicious prosecution. As the Amended Complaint is drafted, it is difficult to tell exactly what claims plaintiff is and is not asserting. The court could cull out the numerous repetitive, irrelevant and inconsistent paragraphs contained in the Amended Complaint. It might do so if plaintiff were proceeding *pro se*, but he is not. Therefore, the court, pursuant to Fed. R.Civ.P. 12(f), *sua sponte* strikes the remainder of the Amended Complaint. Given the opportunity to amend once again, plaintiff's counsel may be able to remedy the defects discussed herein.

Plaintiff's Amended Complaint is dismissed without prejudice and he is granted leave to amend, provided that he does so by August 31, 1989.

IT IS SO ORDERED.