David J. NAPPI, Plaintiff,

v.

MERIDIAN LEASING CORP., an Illinois Corporation, Unilease Computer Corporation, a Delaware Corporation, and Meridian Information Services, Inc., a Minnesota Corporation, Defendants.

No. 94 C 945.

United States District Court,
N.D. Illinois,
Eastern Division.

July 18, 1994.

William Thomas Huyck, Chicago, IL, for David J. Nappi.

Howard C. Emmerman, Jonathan D. Sherman, Katz, Randall & Weinberg, Carol A. Ahern, and Dennis R. Homerin, Jones, Day, Reavis & Pogue, Chicago, IL, for Meridian Leasing Corp., Unilease Computer Corp. and Meridian Information Services, Inc.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiff David J. Nappi was dismissed from his employment with Defendant Meridian Leasing Corporation, its wholly owned subsidiaries Defendant Unilease Computer Corporation, Defendant Meridian Information Services, Inc. and IBL Corporation[1] (collectively referred to as "Meridian"). Nappi has now sued the Defendants in a four count Complaint. Before the Court is Defendants' Motion to Dismiss Counts One, Three, and Four of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ANALYSIS

### 1. Standard

In order to survive a motion to dismiss, a complaint must allege sufficient facts to outline a cause of action. *Davis v. Frapolly*, 747 F.Supp. 451 (N.D.Ill.1989). The complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory." *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co.*, 758 F.2d 203, 207 (7th Cir. 1985). The Court must accept as true all facts alleged in the complaint and reasonable inferences based on those facts. *Bane v. Ferguson*, 890 F.2d 11, 13 (7th Cir.1989). However, the Court need not accept as true conclusory legal allegations. *Coronet Ins. Co. v. Seyfarth*, 665 F.Supp. 661, 665 (N.D.Ill. 1987). A motion to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to re-

---

1. IBL Corporation is not a named Defendant in this lawsuit.

lief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ The Court notes that Defendants have appended materials outside the Complaint to their motion to dismiss. These materials are hereby stricken as inappropriate evidentiary submissions. A party may not support a Rule 12(b)(6) motion with materials outside the complaint. While the Court has the option of converting such a motion into a motion for summary judgment, Fed.R.Civ.P. 12(b)(6), the Court here declines to do so.

#### 2. Improperly Named Defendants

■ Before turning to the substance of Plaintiff's claims, the Court holds that Plaintiff has failed to properly notify each Defendant of its role in the alleged torts and statutory violations. Plaintiff makes no allegation as to which of the corporate Defendants actually employed him; and, he makes no allegation supporting a veil piercing theory. Instead, he refers collectively to the Defendants and a non-party, IBL Corporation, as "Meridian." Given that Plaintiff has failed to demonstrate that the corporations are alter egos of one another, he does not properly implicate any of the Defendants.

Accordingly, each of the Defendants is dismissed. Plaintiff is directed to file an amended complaint properly identifying his employer and the specific role that any named Defendant played in the alleged torts and statutory violations. Below, the Court evaluates Plaintiff's claims as if they were made only against the Plaintiff's employer.

#### 3. Count One

Count One is a claim for retaliatory discharge. Plaintiff claims that he discovered criminal activity by Meridian in Meridian's business of remarketing computer hardware and was discharged for reporting the activity to his superiors at Meridian.

The Supreme Court of Illinois recognized the tort of retaliatory discharge in *Kelsay v. Motorola Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978). An exception to the employment at will doctrine, the retaliatory discharge tort is an attempt to balance employers' interests in operating efficient businesses, thereby permitting them to fire an employee for any reason or no reason, *see Barr v. Kelso–Burnett Co.,* 106 Ill.2d 520, 88 Ill.Dec. 628, 478 N.E.2d 1354 (1985), with society's interests in seeing its public policies carried out, thereby preventing an employer for firing an employee for "any reason" when that reason contravenes public policy. *See Fellhauer v. City of Geneva,* 142 Ill.2d 495, 154 Ill.Dec. 649, 655, 568 N.E.2d 870, 876 (1991). Originally intended to be a narrowly applied, retaliatory discharge, through debate as to what constitutes "public policy" has expanded to the point where some courts have expressed concern that the cause of action improperly limits the employment at will doctrine. *See, e.g., Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 52 Ill. Dec. 13, 18–23, 421 N.E.2d 876, 881–86 (1981) (Ryan, J., dissenting); *Kavanagh v. KLM Royal Dutch Airlines,* 566 F.Supp. 242, 244 (N.D.Ill.1993) (Leighton, J.). It is this Court's responsibility, however, to permit the cause of action where, in the Court's view, it would be permitted by the Illinois Supreme Court.

■ To state a cause of action for retaliatory discharge, a plaintiff must allege that he was dismissed and that the dismissal was in contravention of a "clearly mandated public policy." *Fellhauer,* 154 Ill.Dec. at 654, 568 N.E.2d at 875. The question of whether an employer's conduct violated "clearly mandated public policy" has become the central question regarding the tort's applicability. The Illinois Supreme Court tried to limit what constitutes public policy by stating that a claim for retaliatory discharge must involve subject matter that strikes "at the heart of a citizen's social rights, duties, and responsibilities." *Palmateer,* 52 Ill.Dec. at 15–16, 421 N.E.2d at 878–79.

■ In practice, the tort is applied somewhat categorically. One category of conduct sought to be protected as "clearly mandated public policy" is an employee's reporting a fellow employee's crimes or possible crimes to law enforcement authorities. *See Palmateer,* 52 Ill.Dec. at 16–17, 421 N.E.2d at 879–80. This category has been interpreted by several courts to include an

employee's reporting a fellow employees' crimes or possible crimes to his employer, but not to law enforcement authorities. *See Belline v. K–Mart Corp.,* 940 F.2d 184 (7th Cir.1991); *Parr v. Triplett,* 727 F.Supp. 1163 (N.D.Ill.1989); *Hicks v. Clyde Fed. Sav. & Loan Ass'n,* 722 F.Supp. 501 (N.D.Ill.1989); *Petrik v. Monarch Printing Corp.,* 111 Ill. App.3d 502, 67 Ill.Dec. 352, 444 N.E.2d 588 (1982). The general view relied upon by these courts was succinctly expressed by Judge Aspen in *Parr v. Triplett:*

> When an employee reports criminal activity to his employer, he helps to expose crime and facilitates the enforcement of the Illinois Criminal Code. Therefore, an important public policy is hampered if he is discharged as a result. A report to an employer does not transform a violation of the Illinois Criminal Code from a matter of public concern into a matter of private dispute. The employee who chooses to approach his employer should not be denied a remedy simply because a direct report to law enforcement agencies might effectuate the exposure of crime more quickly. This would be a nonsensical distinction.

*Parr,* 727 F.Supp. at 1166–67 *quoted in Belline,* 940 F.2d at 187–88. Although the Supreme Court of Illinois has yet to address this issue, and although the decision in *Zaniecki v. P.A. Bergner Co.,* 143 Ill.App.3d 668, 97 Ill.Dec. 756, 493 N.E.2d 419 (1986), conflicts with *Belline, Parr,* and *Petrik,* the Court holds that a valid claim for retaliatory discharge is established when an employee claims that he was discharged for reporting apparent criminal conduct to his employer. Such a cause of action must be distinguished, however, from a cause predicated on an employee's dispute with his employer over non-criminal business practices. A former employee does not state a claim for retaliatory discharge based on his dismissal over ethical concerns, accounting practices, or intentional contractual breaches, or other business improprieties not rising to the level of crimes.

■ Here, Plaintiff alleges, at paragraph 18 of his Complaint, that on December 15, 1992, he met with Patrice Courbey, Meridian's board chairman and told Courbey that he, Nappi, thought certain of Meridian's business actions were "illegal and fraudulent." Nappi also alleges that on January 19, 1993, Courbey asked Nappi to repeat his statements of December 15, 1992, in front of Nappi's supervisor, John Peck, Jr., whom Nappi implicated in the wrongdoing. On February 11, 1993, Peck terminated Nappi. In the opinion of the Court, these allegations and supporting allegations in the Complaint are sufficient to withstand Defendants' motion to dismiss with respect to Count One.

■ Meridian argues that Plaintiff's dismissal was not made in contravention of a "clearly mandated public policy", that Plaintiff provides insufficient allegations of Meridian's criminal activity, and that Plaintiff's Complaint does not inform them sufficiently of the criminal law they are said to have violated. Having accepted the precedential weight of cases like *Belline, Parr,* and *Petrik,* the Court need not discuss further the first of these concerns. With respect to the second and third concerns, the Court notes that similar arguments were addressed, and rejected, by the Illinois Supreme Court in *Palmateer.* 52 Ill.Dec. at 17, 421 N.E.2d at 880 (rejecting argument that the plaintiff's complaint failed because it lacked specificity as to the crimes said to have occurred"). When reporting to either law enforcement officers or to his employer, an employee need not be certain that criminal activity occurred. *See Petrik v. Monarch Printing Corp.,* 67 Ill.Dec. at 353, 444 N.E.2d at 589 (noting that plaintiff therein complained that officers or employees of the defendant "might be involved in violation of the criminal laws of Illinois.")[2]

---

**2.** The Court does note, however, that Nappi's Complaint challenges the requirements of Rule 8 that a complaint include a "short and plain" statement of the basis for relief. The Complaint here fairly alleges the facts said to constitute criminal violations, but lists over sixteen different statutory sections said to have been violated. It will be difficult for Plaintiff to convince this Court that, before he was discharged, Plaintiff "reasonably believed" that Meridian had violated each of these sections. While such is conceivable, the sections alleged indicate to the Court that Plaintiff probably would have needed legal advice to believe that Meridian violated each

Accordingly, given the liberal pleading requirements of *Conley v. Gibson,* the Court will permit Plaintiff's retaliatory discharge claim to proceed, with discovery providing the evidentiary details.

### 4. Count Three

In Count Three, Plaintiff claims that he was first demoted, and then discharged, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1) (1988). Age Discrimination may be proven directly or indirectly. *Mechnig v. Sears, Roebuck & Co.,* 864 F.2d 1359, 1364 (7th Cir.1988). The direct method requires the plaintiff to present direct or circumstantial evidence showing that age was a determining factor in the plaintiff's discharge. *Id.* To state a claim under ADEA based on the indirect method of proof, a plaintiff must allege (1) that he is a member of the protected age class, (2) that he was qualified for the position held, (3) that he was terminated or demoted from that position, and (4) that he was replaced by a person under age 40. *Harriston v. Chicago Tribune Co.,* 771 F.Supp. 933, 939 (N.D.Ill.1991), *aff'd,* 992 F.2d 697 (7th Cir.1993). Defendants challenge Plaintiff's ADEA claim on two grounds.

Defendants first contend that Plaintiff was not demoted. In support of this contention, Defendants filed an affidavit. They contend that the Court should consider the affidavit and treat their motion to dismiss as one for summary judgment because Plaintiff did not file any opposing material. Whether to exclude matters outside the pleadings in evaluating a Rule 12(b)(6) motion is within the Court's discretion, not the Defendants'. As indicated above, the Court has excluded Defendants' extraneous evidentiary submissions. This issue thus remains unresolved for the time being. Plaintiff, of course, continues its pursuit of the issue subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.

Next, Defendants argue that Plaintiff's Complaint fails to allege that Plaintiff was replaced. The Complaint contains conflicting allegations on this matter. In paragraph 18, Plaintiff alleges that he met with Courbey and "complained that his recent demotion, and the assignment of his former duties to other, younger employees in his department, constituted age discrimination." This allegation supports Defendants' contention that Plaintiff was not "replaced." An employee is not "replaced" when his duties are scattered among other employees who were already employed by the plaintiff's employer. *See Simmons v. John F. Kennedy Med. Ctr.,* No. 89–C–573, 1990 WL 51880 1990 U.S.Dist. LEXIS 4301 (N.D.Ill. Apr. 11, 1990); *see also Lilley v. BTM Corp.,* 958 F.2d 746, 752 (6th Cir.1992).

In contrast, however, Plaintiff specifically alleges that he was "replaced" with younger workers who were less than forty years old. (Compl. ¶ 33.) In addition, Plaintiff alleges:

> [A] replacement employee less than 40 years old was transferred into the portfolio management department and began training for a job similar in content to that formerly held by plaintiff.

(Compl. ¶ 19.) Plaintiff apparently contends that these allegations are sufficient to demonstrate that he was "replaced." They are not. The first is a conclusion of law that is unsupported by any facts. The second is not an allegation that Plaintiff was "replaced" by anyone. The fact that another employee was trained to do a job similar to Plaintiff's does not constitute replacement. Accordingly, the Court finds that Plaintiff has failed to state a claim for discrimination based on an indirect method of proof.

The Court is wary, however, of dismissing Plaintiff's ADEA claim with prejudice. Plaintiff is not required to plead evidence. Plaintiff's Complaint permits the argument that Plaintiff might prove age discrimination directly. In addition, Plaintiff requests permission to amend this Count should it be dismissed. That request is granted. Plaintiff may amend Count Three, if he deems it

section listed, particularly the accusation that Meridian's practices constituted criminal violations of the Racketeer Influenced and Corrupt

Organizations Act. When preparing an amended complaint, Plaintiff is directed to reconsider its allegations in paragraph 25 of the Complaint.

necessary and appropriate, subject to the requirements of Rule 11.

Accordingly, with respect to Count Three, Defendants' Motion to Dismiss is denied in part and granted in part. Plaintiff is granted leave to amend Count Three along with other amendments specified herein.

### 5. Count Four

In Count Four, Plaintiff claims that the Defendants retaliated against him in violation of ADEA, 29 U.S.C. § 623(d), for his having complained to Meridian's chairman of the board regarding what he considered age discrimination. Section 623(d), in relevant part, states:

> [it is unlawful] for an employer to discriminate against any of his employees ... because such individual has opposed any practice made unlawful by this section, or because such individual ... has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or litigation under this chapter.

29 U.S.C. § 623(d). To state a *prima facie* case for retaliation under section 623(d), a Plaintiff must allege that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse action by his employer; and (3) that there is a causal link between the protected expression and the adverse action. *Kristufek v. Hussman Foodserv. Co.*, NO. 87–C–5621, 1989 WL 8529 (N.D.Ill. Feb. 1, 1989) (citing, in an ADEA case, *Collins v. State of Illinois*, 830 F.2d 692, 702 (7th Cir. 1987)); *see Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1313 (7th Cir.1989). Here, Plaintiff contends that his firing constituted retaliation for his having complained to the Chairman of the Board of Directors about his demotion and the assignment of his former duties to younger employees.

Defendants argue that Plaintiff has not stated a claim because he was not demot-ed and he took no action to "oppose" an unlawful practice under the ADEA. As explained above, the first of these arguments cannot be accepted on a motion to dismiss. The second argument raises the question of whether "complaining" about a purportedly discriminatory demotion constitutes "opposing" an unlawful practice. Defendants contend, without authority,[3] that Plaintiff's complaining is not protected conduct. Plaintiff contends the opposite, also with little authority. Plaintiff cites *Grant v. Hazelett Strip–Casting Corp.*, 880 F.2d 1564, 1569 (2d Cir. 1989), for the following statement: "... Congress sought to protect a wide range of activity in addition to the filing of a formal complaint." This broad statement does little to narrow the issue, but Defendants have failed to provide contradictory authority. The proposition that Plaintiff's complaint constitutes protected expression is supported by *Kristufek v. Hussman Foodserv. Co.*, NO. 87–C–5621, 1989 WL 8529 (N.D.Ill. Feb. 1, 1989). There, Judge Holderman held that there was a genuine issue of material fact on the "protected expression" issue where the Plaintiff claimed to have complained about a colleague's discharge and his employer denied the complaint. Based on the decision in *Kristufek*, the Court thus permits the claim to proceed.

### CONCLUSION

Accordingly, Defendants' motion to dismiss is denied in part and granted in part. Subject to the requirements of Rule 11, Plaintiff is granted leave to file an amended complaint within thirty days of the date of this order.

---

3. Defendants cite *McCoy v. WGN Television*, 758 F.Supp. 1231 (N.D.Ill.1990), *aff'd*, 957 F.2d 368 (7th Cir.1992). That case stands for the proposition that a plaintiff cannot satisfy the requirements of section 623(d) by relying on an act of retaliation taking place before any protect "opposition" had been undertaken. If Plaintiff here asserted that he was fired before he ever expressed concern over age discrimination, then *McCoy* would govern. For example, if Plaintiff relied only on the Complaint contesting his dismissal he filed in district as his "opposition", he clearly could not claim that his filing of that Complaint resulted in his dismissal. But that is not what Plaintiff is claiming. He contends that he was fired after he complained to Meridian's chairman. If complaining constitutes "opposing", Plaintiff's being dismissed on such grounds would justify a claim for retaliation.