**James GARRY and Thomas Thompson, Plaintiffs,**

v.

**John GEILS, individually and as President of the Village of Bensenville, Richard Weber, Peggy Walberg, Richard Reimer, Joseph Krass, Robert Strandt, and Barbara Wanzung, individually and as Trustees of the Village of Bensenville, Defendants.**

No. 94 C 4295.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 19, 1995.

Stuart D. Gordon, Maureen T. Murphy, Zukowski, Rogers, Flood & McArdle, Chicago, IL, Steven Bloomberg, Moss & Bloomberg, Ltd., Bolingbrook IL, for plaintiffs.

James R. Schirott, Phillip A. Luetkehans, Mary E. Dickson, Schirott & Luetkehans, P.C., Itasca, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendants, John Geils, Richard Weber, Peggy Walberg, Richard Reimer, Joseph Krass, Robert Strandt and Barbara Wanzung, have filed a motion to dismiss the complaint of plaintiffs, James Garry and Thomas Thompson, pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to stay proceedings. For the reasons stated below, the defendants' motion to dismiss is granted.

### Background

On July 14, 1994, James Garry ("Mr. Garry") and Thomas Thompson ("Mr. Thompson") filed a complaint under 42 U.S.C. § 1983. Jurisdiction is based on Section 1343(3). 28 U.S.C. § 1343(3). The complaint alleges the following facts, which are assumed to be true for purposes of this motion. Mr. Garry is a resident of the Village of Bensenville (the "Village") and is a beneficial owner of a land trust which holds title to property located in the Village and is described in Exhibit A to the complaint (the "Property"). Mr. Thompson is a shareholder and officer of Thompson Rental Station, Inc. ("Thompson Rental"). Thompson Rental leases a portion of the Property for storing and delivering rental goods, including machinery used in the construction trades.

Defendant John Geils ("Mr. Geils") is president of the Village Board of Trustees. Defendants Richard Weber ("Mr. Weber"), Peggy Walberg ("Ms. Walberg"), Richard Reimer ("Mr. Reimer"), Joseph Krass ("Mr. Krass"), Robert Strandt ("Mr. Strandt") and Barbara Wanzung ("Ms. Wanzung") are trustees of the Village. All defendants are members of a political party called the Unity Party.

The complaint further alleges that a Village Board of Trustees election took place on April 20, 1991. At that time, Mr. Krass was an incumbent trustee seeking reelection, and Ms. Walberg and Mr. Reimer were seeking

election to the Board of Trustees.[1] Rather than supporting these defendants, who were Unity Party candidates, Mr. Garry and Mr. Thompson supported candidates of another political party known as the Bensenville Home Town Party. They wrote letters on behalf of their candidates, placed supporting placards on their properties in the Village and donated money to the Bensenville Home Town Party. In spite of Mr. Garry's and Mr. Thompson's efforts, the candidates whom they supported lost the election, and Mr. Krass, Ms. Walberg and Mr. Reimer won.

In 1991, the Village and the Illinois Department of Transportation ("IDOT") were in the process of planning a flood control project known as the Bensenville Ditch. IDOT engineers presented the Village with a plan calling for an open drainage ditch to cross the southeast corner of the Property. As designed by IDOT, the ditch would have had little or no effect on the business of Thompson Rental or the value and utility of the Property. However, plaintiffs say the defendants changed the IDOT design by moving the portion of the ditch traversing the Property. The easements required for the relocated ditch cover nearly one-third of the frontage of the Property along the northern right-of-way of Irving Park Road. These easements will prevent Thompson Rental from utilizing 8958 square feet of its property and will interfere with Thompson Rental's ability to service its customers.

The complaint claims that the defendants altered the IDOT design of the ditch to retaliate against Mr. Garry and Mr. Thompson for their support of Bensenville Home Town Party candidates in the April 20, 1991 election. The defendants' conduct allegedly violated Mr. Garry's and Mr. Thompson's rights under the First and Fourteenth Amendments to the United States Constitution.

On November 17, 1992, the Village filed a complaint for condemnation in the Circuit Court of the Eighteenth Judicial Circuit (Du-Page County) entitled *Village of Bensenville v. James Garry, et al.*, No. 92 ED 68. In that lawsuit, the Village seeks to condemn the portion of the Property necessary for the ditch as relocated by defendants. Mr. Garry and Thompson Rental filed a cross-petition requesting damages. On May 9, 1994, the court granted the Village's motion for an order vesting title to the property it seeks to condemn.

### Discussion

■ To survive a motion to dismiss, a complaint must allege sufficient facts to outline a cause of action. *Davis v. Frapolly,* 747 F.Supp. 451, 452 (N.D.Ill.1989). The court must accept as true all facts alleged in the complaint and reasonable inferences based on those facts, *Bane v. Ferguson,* 890 F.2d 11 (7th Cir.1989), but the court need not accept as true conclusory legal allegations. *Coronet v. Seyfarth,* 665 F.Supp. 661, 665 (N.D.Ill. 1987). A defendant's motion to dismiss may be granted only if it is indisputably clear that a plaintiff is not entitled to relief based on the allegations in the plaintiff's complaint. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The essence of Mr. Garry's and Mr. Thompson's federal claim is that the defendants are abusing the power to condemn. However, in the condemnation proceedings, the state court has already entered a final and appealable order finding that the defendants are properly exercising the eminent domain power. Consequently, for the reasons stated in the following analysis, Mr. Garry's and Mr. Thompson's complaint is barred by the doctrine of *res judicata.*[2]

### Res Judicata

■ Whether a federal claim is barred by a previous state court judgment due to the doctrine of *res judicata* depends on whether the state court which entered the prior judgment "would give that judgment preclusive effect against the claims asserted

---

1. Mr. Geils, Mr. Weber, Mr. Strandt and Ms. Wanzung were elected in 1989. Their terms expired in 1993, and they were reelected.

2. Although the defendants waited until the reply brief to argue that *res judicata* presently bars the complaint, the parties addressed the issues relevant to the Court's discussion in the opening and response briefs.

in the federal action." *Pirela v. Village of North Aurora*, 935 F.2d 909, 911 (7th Cir. 1991) (citations omitted). Under Illinois law, for a prior order to constitute *res judicata*, there must be (1) an identity of parties or their privies in the two suits, (2) a final judgment on the merits in the prior suit and (3) an identity of causes of action in the two suits. *Id.* If an Illinois court would hold that its judgment precludes the federal claim, a federal court may apply *res judicata* to bar the federal claim where the party attempting to assert that claim had a full and fair opportunity to pursue it in the state proceeding. *Id.*

### Identity of Parties or Their Privies

■ Mr. Garry is a party to the state court condemnation proceeding, but Mr. Thompson is not. Identity exists only if Mr. Thompson is in privity with a party to the state court action. Thompson Rental is an intervenor-defendant in the state lawsuit. Defs.' Brief, Exs. A, B.[3] Because Mr. Thompson is a shareholder and officer of Thompson Rental, he is in privity with Thompson Rental for *res judicata* purposes. *Aetna Casualty and Surety Company of Hartford v. Kerr–McGee Chemical Corporation*, 875 F.2d 1252, 1257 (7th Cir.1989) (applying Illinois law).[4] There is an identity of parties or their privies in the state and federal actions.

### Final Judgment on the Merits

■ This case involves the "quick-take" provisions of the Illinois Eminent Domain Act. A plaintiff in a condemnation suit commences a quick-take proceeding by filing a

---

**3.** In deciding whether to grant defendants' Rule 12(b)(6) motion, this Court may take judicial notice of the public court documents indicating that Thompson Rental is an intervenor-defendant in the state court action. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir.1994).

**4.** The defendants in the federal action, the Village president and trustees, and the plaintiff in the state proceeding, the Village, are in privity for the purpose of *res judicata*. *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir.1983). Mr. Garry and Mr. Thompson do not argue otherwise.

**5.** The Court may consider the state court's order because the plaintiffs referred to the order in

motion for immediate vesting of title. The court then conducts a hearing at which, under Section 7–104(b),

> it determines that the plaintiff has the authority to exercise the right of eminent domain, that the property sought to be taken is subject to the exercise of such right, and that such right is not being improperly exercised in the particular proceeding[.]

735 ILCS 5/7–104(b). The court's determination of these issues is a final order that is appealable for 30 days. *Id.; Southwestern Illinois Development Authority v. Vollman*, 235 Ill.App.3d 32, 175 Ill.Dec. 683, 686, 600 N.E.2d 926, 927–29 (5th Dist.1992); *Department of Public Works & Buildings v. Association of Franciscan Fathers*, 3 Ill.App.3d 503, 278 N.E.2d 111, 113 (2d Dist.1972). If the Section 7–104(b) issues are resolved in the plaintiff's favor, the court then decides whether it is necessary for the plaintiff to acquire the property by quick-take. 735 ILCS 5/7–104(c). If so, the court makes a preliminary finding of just compensation. 735 ILCS 5/7–104(d). The plaintiff deposits this amount with the county treasurer, and the court enters an order vesting title of the property in the plaintiff. 735 ILCS 5/7–105(a).

In this case, the state court entered an order vesting title in the Village to the property it seeks to condemn. Complaint, ¶ 23, p. 7; Defs.' Brief, Ex. D.[5] Prior to entering this order, the state court made the required findings pursuant to Sections 7–104(b) and 7–104(c), as specified above, and fixed preliminary just compensation. Defs.' Brief, Ex. D.[6]

---

their complaint, and it is a public court document which merits judicial notice. Complaint, ¶ 23, p. 7; *Venture Associates v. Zenith Data Systems*, 987 F.2d 429, 431 (7th Cir.1993); *Henson v. CSC Credit Services, supra*, 29 F.3d at 284.

**6.** Again, the Court may take judicial notice of the state court order because it is a public court document. *Henson v. CSC Credit Services, supra*, 29 F.3d at 284. However, reliance on the actual order is not necessary because, as indicated in my discussion of quick-take procedures, the state court had to make certain findings under Sections 7–104(b) and 7–104(c) before entering the order vesting title in the Village.

That court's Section 7–104(b) findings, including the finding that the Village is properly exercising the right of eminent domain, constitute a final and appealable order. Therefore, the requirement for *res judicata* purposes that there be a final judgment is satisfied. *See Torjesen v. Smith,* 114 Ill. App.3d 147, 69 Ill.Dec. 813, 448 N.E.2d 273, 275 (5th Dist.1983).

### Identity of Causes of Action

■ In order to prevent both the piecemeal litigation of claims and the piecemeal presentation of defenses, courts extend the bar of res judicata

> not only to questions actually decided, but also to all grounds of recovery and defenses which might have been presented in the prior litigation between the parties. A defendant therefore may not relitigate a defense, which was available but not raised in a prior action, by making it the basis of a claim in a subsequent action against the original plaintiff which if successful would nullify the initial judgment.

*Henry v. Farmer City State Bank,* 808 F.2d 1228, 1234 (7th Cir.1986) (applying Illinois law). Mr. Garry's and Mr. Thompson's federal claim has been neither presented nor actually decided in the state court condemnation proceeding. Therefore, *res judicata* bars the claim only if it could have been presented as a defense in the state proceeding.

■ Under Illinois law, a party who would contest the propriety of condemnation proceedings or assert that the condemnor abused its discretion in exercising the eminent domain power is required to raise the defenses in the form of a traverse or motion to dismiss during the preliminary stage of those proceedings. *Towne v. Town of Libertyville,* 190 Ill.App.3d 563, 137 Ill.Dec. 865, 868, 546 N.E.2d 810, 813 (2d Dist.1989); *City of Oakbrook Terrace v. LaSalle National Bank,* 186 Ill.App.3d 343, 134 Ill.Dec. 299, 303, 542 N.E.2d 478, 482 (2d Dist.1989); *Ahrensfeld v. Stephens,* 528 F.2d 193, 199 (7th Cir.1975).

Proper defenses include alleged violations of federal constitutional rights. *Towne v. Town of Libertyville, supra,* 137 Ill.Dec. at 868, 546 N.E.2d at 813; *Blankner v. City of Chicago,* 504 F.2d 1037, 1040, 1042 (7th Cir. 1974); *Ahrensfeld v. Stephens,* 528 F.2d at 199. For example, in *Towne v. Town of Libertyville,* a landowner brought a Section 1983 action against the Town of Libertyville and others alleging that the defendants violated his constitutional rights by depriving him of property that was exempt under the Open Space Act. *Towne v. Town of Libertyville, supra,* 137 Ill.Dec. at 868, 546 N.E.2d at 813. The court held that because the landowner's claim contested the propriety of the condemnation proceeding, it should have been raised in a traverse or motion to dismiss in that proceeding. *Id.* at 868, 546 N.E.2d at 813. Where a defendant in a condemnation action neglects to assert a constitutional issue she properly could have raised as a defense in that action, *res judicata* bars her from later basing a claim against the condemnor on that issue. *Blankner v. City of Chicago, supra,* 504 F.2d at 1040, 1042.

■ Mr. Garry's and Mr. Thompson's claim that the defendants brought their action to condemn certain property in order to retaliate against them for publicly supporting candidates of the Bensenville Home Town Party in the 1991 Village Board of Trustees election essentially is a claim that defendants' exercise of the eminent domain power is not proper. As such, the claim could have been asserted in the condemnation proceeding as a defense in the form of a traverse or motion to dismiss. *See Towne v. Town of Libertyville, supra,* 137 Ill.Dec. at 868, 546 N.E.2d at 813. The appropriate time to have raised this defense was before the state court's entry of its final and appealable order stating that the Village is properly exercising the power to condemn. Under the doctrine of *res judicata,* unless there was not adequate opportunity to present the federal constitutional claim in the condemnation proceeding, since the federal claim could have been raised as a defense in the condemnation proceeding prior to entry of the final and appealable order, that order bars the federal claim. *See Blankner v. City of Chicago, supra,* 504

F.2d at 1042.[7]

### Opportunity to Present Claims in State Proceeding

There was more than adequate opportunity in the state court eminent domain proceeding for Mr. Garry's and Mr. Thompson's constitutional claim to be raised. The state court condemnation lawsuit was filed in November, 1992. It was not until March, 1994 that the court entered the final and appealable order providing that the plaintiff is properly exercising the eminent domain power. The approximately one and one-half years in which the constitutional claim could have been raised as a defense in the state proceedings constitute sufficient opportunity. That Mr. Garry and Mr. Thompson bring their lawsuit under Section 1983 of the Civil Rights Act does not preclude this conclusion. It is appropriate to apply *res judicata* to bar a civil rights action if the action involves issues which could have been, but were not, litigated in a prior state proceeding. *Lee v. City of Peoria*, 685 F.2d 196, 202 (7th Cir. 1982).

### Conclusion

For the reasons set forth above, defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

---

**7.** *Progress Development Corporation v. Mitchell*, 286 F.2d 222 (7th Cir.1961), which Mr. Garry and Mr. Thompson rely upon, is inapplicable. The *Mitchell* Court held that a state condemnation suit could not as a matter of law bar the plaintiff's federal action to protect federally created rights because the federal action was brought earlier than the state condemnation suit. *Id.* at 232.

The Seventh Circuit later called *Mitchell* an "exceptional case" and limited *Mitchell* to its facts by holding that only where a plaintiff, such as the *Mitchell* plaintiff, challenges the exercise of the eminent domain power per se, *i.e.*, claims the land will not be devoted to a public use, "is

the power of eminent domain subject to the prior scrutiny of the federal courts." *Green Street Association v. Daley*, 373 F.2d 1, 6–7 (7th Cir.1967). Accordingly, cases challenging the power to condemn "are matters for the condemnation proceedings in the state courts if the taking is ostensibly for a public purpose, even though violations of federally guaranteed rights are claimed." *Id.* at 7.

Mr. Garry and Mr. Thompson may not invoke the *Mitchell* exception because they brought their federal action after the state court condemnation suit was instituted, and they have conceded that the taking of their property is for a public use and is necessary. Pls.' Brief, p. 4.