**Julia ANTIA, Plaintiff,**

v.

**Charles THURMAN, Defendant.**

No. 95 C 3770.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 11, 1996.

James A. Larson, Larson & Nierling, Chicago, IL, for plaintiff.

Limo T. Cherian, Illinois Attorney General's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, Julia Antia, described as a 21–year–old woman, has filed this suit against Charles Thurman, an Illinois state police officer. Antia alleges that Thurman pulled her over in her car for having an expired license registration and then detained her for over an hour simply because she is an Hispanic female. During that period, according to Antia's complaint, she was forced to sit in Thurman's patrol car, leaving her four-month-old baby alone in her car while Thurman played music on the radio of his patrol car, asked her personal questions, commented on her appearance, threatened to follow her home and force her to cook for him, and threatened to take her into custody when she expressed concern about leaving her baby alone in her car. Thurman also attempted to force Antia to pick up from his lap over his genital area the traffic citation issued to her and made a derogatory comment about "Puerto Rican girls" when she refused. Thurman left Antia with a personal note to her husband, written on the back of the traffic ticket, telling him that his wife was very beautiful.

Antia's complaint alleges violations of 42 U.S.C. §§ 1981 and 1983. In addition, it alleges state law claims of false imprisonment and intentional infliction of emotional distress.

■ Thurman first moves to dismiss Count I of the complaint, which alleges a violation of 42 U.S.C. § 1981. Thurman cites *Davis v. Frapolly*, 747 F.Supp. 451 (N.D.Ill. 1989), in support of his motion to dismiss. In *Davis*, the court dismissed a Section 1981 claim because the complaint contained no facts from which the court could infer that the defendant's actions were motivated by race. *Id.* at 453. *Davis* simply does not apply to this case, because Antia has adequately set forth allegations that Thurman was motivated by race. For example, she states that he told her that he "know[s] how Puerto Rican girls are." Additionally, Antia claims that Thurman compared her to his wife, whom he described as also Hispanic. Antia's allegations are sufficient to show that Thurman detained her because she is Hispanic.

For the same reason, Count II of Antia's complaint, alleging a violation of Section 1983, will not be dismissed. The allegations that support her Section 1981 complaint also support a claim that Thurman violated Section 1983 by violating Antia's right to equal protection.[1] *See, e.g., Marcus v. Carrasquillo*, 782 F.Supp. 593, 599 (M.D.Fla.1992) (allegations of officer misconduct support both a Section 1981 claim and a Section 1983 claim of Equal Protection).[2]

■ Thurman also claims that he is protected by qualified immunity because Antia cannot prove that he violated a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Thurman de-

---

1. In their briefs, both parties focus on whether Thurman's actions violated the due process clause. Antia claims that he violated her substantive due process right by engaging in conduct that "was unlawful, arbitrary, and shocks the conscience." She cites no authority for this proposition, however, and cannot show that this right was "clearly established." Because she has stated a claim for the violation of the Equal Protection clause, however, Count II will not be dismissed.

2. Antia alleges in this count that Thurman's actions were motivated by her gender as well as race. Thurman has not sought dismissal of this count on the basis that the complaint of sexual discrimination does not state a claim under Section 1983.

fines the right as one to be treated courteously. That is not the right on which Antia relies, however. Thurman does not claim, nor could he, that if his detention and alleged harassment of Antia was based on her race or sex that he would be entitled to qualified immunity. Antia's right to be free from intentional discrimination on the basis of race or sex in the enforcement of criminal laws is clearly established. Whether Thurman in fact detained Antia impermissibly and whether his actions were motivated by Antia's race or sex must of course be proved at trial.

■ Antia's state law claim of false imprisonment, Count III, will be dismissed. Her complaint admits that her vehicle registration was expired. Therefore, Thurman had probable cause to arrest her.[3] *See Jones v. Webb,* 45 F.3d 178, 181 (7th Cir.1995) (Defendant "has probable cause to make an arrest when 'the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense.'") (quoting *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)). Because Thurman had probable cause to arrest Antia, he was also justified in stopping and detaining her. *Id.* at 182 n. 3. The fact that Thurman may also have had an illicit motive is irrelevant. *See Simmons v. Pryor,* 26 F.3d 650, 654 (7th Cir.1993) ("Even malicious motives will not support a claim of false arrest if probable cause exists."), *cert. denied,* —— U.S. ——, 114 S.Ct. 1833, 128 L.Ed.2d 461 (1994).

■ Finally, Antia's claim for intentional infliction of emotional distress (Count IV) will not be dismissed. To state a claim for intentional infliction of emotional distress in Illinois, Antia must allege that the conduct involved was extreme and outrageous, that Thurman intended to inflict severe emotional distress or knew that there was a high probability that his conduct would cause such distress, and that Thurman's conduct caused severe emotional distress. *McGrath v. Fahey,* 126 Ill.2d 78, 127 Ill.Dec. 724, 727, 533

N.E.2d 806, 809 (1988). The fact that Thurman is a police officer makes it more likely that his conduct will be considered outrageous. *See id.* at 809–10. Antia has adequately alleged these elements and has set forth facts from which a jury could find in her favor.

---

**3.** Antia has not claimed that the nature of the offense, an expired vehicle tag, would not support an arrest.